524 A.2d 951

**NEW YORK GUARDIAN MORTGAGE CORPORATION**

v.

**Albert DIETZEL & Michele A. Dietzel, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 30, 1986.

Filed April 23, 1987.

Reargument Denied July 6, 1987.

428

Mary Jeffery, Philadelphia, for appellants.

Lawrence T. Phelan, Philadelphia, for appellee.

Before CIRILLO, President Judge, and ROWLEY and BECK, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County granting appellee's motion for summary judgment in an action in mortgage foreclosure. We affirm.

Appellant raises three issues for our review: (1) whether the trial court committed an error of law in granting plaintiff summary judgment and concluding that there were no material facts in dispute and that plaintiff was entitled to relief; (2) whether the trial court committed an error of law in concluding that plaintiff did not violate the provisions of 15 U.S.C. § 1601 *et seq.;* and (3) whether the trial court committed an error of law in concluding. that plaintiff did not violate the provisions of 41 P.S. §§ 401 *et seq.*

It is axiomatic that in granting a motion for summary judgment, there must be no genuine issue of material fact and as a matter of law the moving party is entitled to prevail. Furthermore, the record is viewed in the light most favorable to the non moving party. *Fox v. State Farm Mutual Auto Insurance Company,* 322 Pa.Super. 96, 469 A.2d 199 (1983).

With regard to the first issue raised by appellants, we find that the trial court did not err in granting summary judgment as to all issues raised in appellee's motion. It is clear that the court was correct in granting summary judgment as to the liability issue. Appellants, in their answer to appellee's complaint, admitted that they were behind in their mortgage payments. Likewise, appellants' general denial that they "are without information sufficient to form a belief as to the truth of" appellee's averment as to the principal and interest due is to be considered an admission of those facts. *See* Pa.R.C.P. 1029(c); *Cercone v. Cercone,* 254 Pa.Super. 381, 386 A.2d 1 (1978). Unquestionably, apart from appellee, appellants are the only parties who would have sufficient knowledge on which to base a specific denial.

Appellants also claim that there is a genuine issue of material fact as to the attorney fees, costs of suit and title search. In support of this claim, appellants refer to the denial of these items in their answer to appellee's complaint. This case is very similar to the recent case of *Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 515 A.2d 980 (1986). In *Stein,* we stated that appellant's "reliance upon the pleadings is misplaced. Pa. R.C.P. 1035(d) specifically provides that they may not rest upon the averments contained in the pleadings. In order to properly raise a genuine issue of fact, the Steins had the burden to present 'facts' by counter-affidavits, depositions, admissions, or answers to interrogatories". 357 Pa.Superior Ct. at 292, 515 A.2d at 982–83.

Here, as in *Stein,* appellants offered nothing to contradict appellee's claim except the denial in their answer. There-

fore, we find that there was no genuine issue of fact, and summary judgment was proper.

■ The second issue raised by appellant concerns appellee's compliance with the federal Truth-in-Lending Act, 15 U.S.C. §§ 1601–1693R. Appellants have asserted, in a counterclaim to the mortgage foreclosure action, the right to set-off for a violation of the Federal Truth-In-Lending Act, 15 U.S.C. §§ 1601–1693R. Section 1640(h) of the Act provides:

> A person may not take any action to offset any amount for which a creditor is potentially liable to such person under subsection (a)(2) of this section against any amount owed by such person, *unless the amount of the creditor's or assignee's liability under this subchapter has been determined by judgment of a court* of competent jurisdiction in an action of which such person was a party. This subsection does not bar a consumer then in default on the obligation from asserting a violation of this subchapter as an original action, or as a defense *or counterclaim to an action to collect amounts owed* by the consumer brought by a person liable under this subchapter.

(Emphasis added). Additionally, § 1640(e) of the Act which is labelled "Jurisdiction of courts; limitations on actions" states:

> This section does not bar a person from asserting a violation of this subchapter *in an action to collect the debt* which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action....

(Emphasis added). These provisions make clear that a person can assert a claim under the Act only in an action for a money judgment either as a counterclaim to an action to collect money owed by the consumer, or in an original claim brought by the consumer. Therefore, a counterclaim for a set-off under the Act can only be asserted in an action which contemplates a personal judgment.

■■■ An action in mortgage foreclosure is strictly an *in rem* proceeding, and the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property. *Meco Realty Co. v. Burns*, 414 Pa. 495, 200 A.2d 869 (1964). A judgment in a mortgage foreclosure action is not a judgment for money damages and therefore cannot be "an action to collect amounts owed" or "an action to collect the debt" as required under § 1640(h) and (e) of the Truth-In-Lending Act. Therefore, a set-off for an alleged violation of the Truth-In-Lending Act cannot be asserted as a counter-claim in a mortgage foreclosure action.

■■■ The final issue raised by appellants challenges the trial court's determination that appellee adequately complied with the notice provisions of 41 P.S. §§ 401–605. 41 P.S. § 403(c) provides:

(c) The written notice [of the intention to foreclose] shall clearly and conspicuously state:

(1) The particular obligation or real estate security interest;

(2) The nature of the default claimed;

(3) The right of the debtor to cure the default as provided in section 404 of this act and exactly what performance including what sum of money, if any, must be tendered to cure the default;

(4) The time within which the debtor must cure the default;

(5) The method or methods by which the debtor's ownership or possession of the real estate may be terminated; and

(6) The right of the debtor, if any, to transfer the real estate to another person subject to the security interest or to refinance the obligation and of the transferee's right, if any, to cure the default.

Appellants claim that the notice sent to them contained an incorrect figure owed as a late charge, and that appellee failed to adequately disclose that the mortgage is assumable. Both contentions are without merit.

By stipulation, the parties agreed that two notices were sent to appellants. First, the total amount to cure the default remained the same in both notices; and, the second notice was sent the same day as the first notice and contained the correct late charge amount. Where the lender correctly states the correct amount due to cure the default but inadvertently states an incorrect amount in the subpart thereof and immediately corrects the error, there can be no confusion as to the amount due to cure the default and thus there is no violation of the disclosure requirements of 41 P.S. § 403.

■ The argument that the notice to foreclose failed to adequately disclose that the mortgage was assumable belies the plain language of the notice. Any suggestion by appellants that the notice was required to contain a statement that there is an *absolute* right to have a buyer assume the mortgage ignores the plain language of 41 P.S. § 403(c)(6). *See* 1 Pa.C.S. § 1903(a); *Fireman's Fund Ins. Co. v. Nationwide Mutual Ins. Co.*, 317 Pa.Super. 497, 464 A.2d 431 (1983) (words of a statute must be construed according to their common and accepted usage).

Order affirmed.