## Fairway Consumer Discount Co. v. Mulhern

*David E. Schwager* and *Fred A. Pierantoni III*, for plaintiff.

*Arthur L. Piccone* and *Ronald V. Santora*, for defendants.

BROMINSKI, *J.,* June 20, 1990 — This matter comes before the court by way of plaintiff Fairway Consumer Discount Company's motion for summary judgment.

On or about May 18, 1989 plaintiff, Fairway Consumer Discount Company, brought an action in

mortgage foreclosure against defendants, Mary A. Mulhern, James R. Elliott and Mary Jane Elliott, his wife, alleging that defendants were in default on a mortgage on improved real estate owned by defendant Mary A. Mulhern. Plaintiff has asserted, and defendants have not denied, that notice of the default was properly made upon defendant Mary Mulhern by certified mail, return receipt requested. Defendants filed a timely answer to plaintiff's complaint in foreclosure pro se, basically asserting that the annual percentage rate of the mortgage, as well as amounts of insurance and costs, and total amount of payback, were not disclosed to defendants prior to closing.

A motion for summary judgment may be granted only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. In passing upon a motion for summary judgment, a court must examine the record in the light most favorable to the non-moving party and resolve all doubt against the moving party. Mariscotti v. Tinari, 335 Pa. Super. 599, 485 A.2d 56 (1984); Vend-A-Matic Inc. v. Frankford Trust Co., 296 Pa. Super. 492, 442 A.2d 1158 (1982).

In the present matter defendants' main contention in opposition to summary judgment centers on the argument that a factual dispute exists as to alleged violations of the Truth in Lending Act and Regulation Z issued thereunder. More specifically, defendants assert plaintiff did not disclose the annual percentage rate, total amount of repayment, additional charges such as costs and interest and life insurance premiums.

After carefully reviewing the arguments of plaintiff and defendants and taking into consideration the discovery and pleadings, this court finds that summary judgment should be granted in this matter.

An action in mortgage foreclosure is strictly an in rem proceeding and the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property. *Meco Realty Co. v. Burns,* 414 Pa. 495, 200 A.2d 869 (1964); *New York Guardian Mortgage Corp. v. Dietzel,* 362 Pa. Super. 426, 524 A.2d 951 (1987). A judgment in a mortgage foreclosure action is not a judgment for money damages and, therefore, cannot be an action to collect amounts owed or "an action to collect the debt" as required under section 1640(h) and (r) of the Truth in Lending Act. *New York* at 431, 524 A.2d at 953.

As set forth above, defendants' defense of this claim does not attack the existence of the mortgage or that they are in default, but rather only challenges the mortgage lender's failure to disclose as required by the federal Truth in Lending Act, 15 U.S.C. §1601 et seq.

The Truth in Lending Act is a federal consumer protection statute which, inter alia, requires prospective creditors to fully disclose the credit costs of a given loan to prospective debtors. *Household Consumer Discount v. Vespaziani,* 490 Pa. 209, 415 A.2d 689 (1980); *Fleet Real Estate Funding v. Smith,* 366 Pa. Super. 116, 530 A.2d 919 (1987). Where a defendant raises as a defense to a mortgage foreclosure action a failure to disclose these costs, our courts have held that such a defense is considered a claim for setoff and cannot therefore be asserted in such actions because mortgage foreclosure actions are considered in rem and not actions for personal judgments. *Fleet* at 127, 530 A.2d at 919.

Guided by the above law in this Commonwealth and taking into consideration the defense raised by defendants, we find that no genuine issue of material

408

fact exists as to plaintiff's action in foreclosure. We therefore hold that summary judgment be entered in favor of plaintiff and against defendants for foreclosure and sale of the property in question together with all additional costs and expenses incurred by plaintiffs.

## ORDER

It is hereby ordered, adjudged and decreed that plaintiff's motion for summary judgment is granted.