**U.S. Bank v. Cox**

C.P. of Montgomery County, no. 2008-00848.

*Michael T. McKeever,* for plaintiffs.
*Jon D. Fox,* for defendants.

CARPENTER, *J.,* March 4, 2010—

## FACTUAL AND PROCEDURAL HISTORY

Defendants/appellants, Brigitte Cox and Robert B. Cox, appeal from the December 18, 2009 order, which granted the second motion for summary judgment in mortgage foreclosure filed by plaintiff/appellee U.S. Bank, National Association as trustee for TME MLMI SURF Trust Series 2006-BCI.

Plaintiff initiated this action by filing a complaint for mortgage foreclosure on January 11, 2008. Plaintiff's complaint alleges that on August 5, 2005, defendants executed a mortgage in favor of Mortgage Electronic Registration Systems Inc., Acting Solely as Nominee for Mortgageit Inc. Complaint ¶3. The mortgage was subsequently assigned to plaintiff. *Id.* at ¶3. Defendants are the mortgagors and real owners of the mortgaged premises located at 309 Stout Road, Ambler, PA 19002, and the mortgage went into default when the defendants failed to make their monthly payments on June 1, 2007. *Id.* at ¶¶2, 5. According to the complaint, defendants owe a principal balance of $466,505.71, plus interest, attorney's fees, late charges, costs of suit and title search and escrow deficits for a total amount of $513,322.08. *Id.* at ¶6.

On April 18, 2008, defendants filed an answer to the complaint. Defendants denied that they made and executed the mortgage upon the property described in plaintiff's complaint, stating that "[w]e are without sufficient information to affirm or deny this averment and therefore

deny same and demand strict proof at time of hearing." Answer ¶3. Defendants also denied that the mortgage is in default, stating that "[t]his averment is a conclusion of law and as such requires no answer. Accordingly, strict proof is demanded at the time of trial. To the contrary, defendants residing at the premises, 309 Stout Road, Ambler, PA 19002, for 20 years deserve the opportunity to remain in their home and work out a payment plan with their mortgage company." *Id.* at ¶5. Further, defendants denied the amounts due. *Id.* at ¶6. Defendants failed to respond to paragraphs 8 and 9 of the complaint which assert that plaintiff is not seeking a judgment of personal liability and that notice of intention to foreclose and notice of homeowners' emergency mortgage were provided, respectively. Complaint ¶¶8, 9.

On June 18, 2008, plaintiff filed its first motion for summary judgment, to which defendants filed an answer and new matter. Defendants' answer denied all averments contained in the motion for summary judgment including, the identity of plaintiff, the identities of defendants, the date on which plaintiff filed the complaint and the date on which defendants filed an answer to the complaint. Answer to plaintiff's motion for summary judgment ¶¶1-4. In the new matter, defendants disputed the amounts claimed to be due, insisted that they be given the chance to conduct discovery and alleged that plaintiff has not dealt in good faith by failing to renegotiate the loan. New matter ¶¶6-8.

On December 10, 2008, oral argument on the motion for summary judgment was held. After argument was presented and the facts of the case were considered, on December 15, 2008, we denied the motion without prejudice to plaintiff's right to re-file the motion upon

the close of discovery that defendants had requested. The order set a time frame in which all discovery should be conducted. Specifically, the order stated that discovery shall be completed within 90 days from the date of the order. Accordingly, the discovery deadline was March 15, 2009.

On January 27, 2009, plaintiff filed an affidavit/certificate of service, certifying that it had served upon defendants interrogatories, requests for admissions and request for production of documents. Because defendants did not respond to these discovery requests, plaintiffs filed a second motion for summary judgment on May 20, 2009, which was over two months after the discovery deadline had passed. It is of note that there is no evidence that defendants made any effort to initiate any discovery requests of their own.

On June 12, 2009, defendants filed an answer and new matter to the second motion for summary judgment. On that same date, defendants filed their response to plaintiff's discovery requests. Specifically, defendants' answer asserted that they had sent interrogatories to plaintiff. Answer to second motion for summary judgment ¶9. Additionally, in the answer defendants deny the amounts due on the mortgage stating that they have not been given proper credit for all mortgage payments due. *Id.* at ¶¶5, 14(g), 14(i), 14(j), 14(p). However, defendants do not identify what payments or the amount of such payments that they believe were not properly credited towards the mortgage. Further, defendants allege that the filing of the second motion for summary judgment is inappropriate and filed in bad faith as the parties are working on a loan modification agreement. *Id.* Defendants attached purported proof of ongoing loan modifica-

tion negotiations as exhibit "A." Exhibit "A" is entitled "homeowner proposal to remain in the property." It is a request for a loan modification and was signed and dated by defendants on December 6, 2008. In the new matter, defendants disputed the amounts claimed to be due, alleged that plaintiff has not dealt in good faith by failing to renegotiate the loan and asserted that they deserve to have a trial on the merits. New matter ¶¶16-19.

Oral argument on the second motion for summary judgment was conducted on December 17, 2009. After considering all of the pleadings, defendants' responses to discovery, briefs submitted by both parties, arguments of counsel and relevant case law, we granted the second motion for summary judgment on December 18, 2009, entering judgment in favor of plaintiff and against defendants in the amount of $513,322.08, plus interest and other costs and charges collectible under the mortgage, for foreclosure and sale of the mortgaged property. On January 7, 2010 defendants filed a motion for reconsideration of the order, which we denied. This timely appeal follows.

## ISSUE

I. *Whether We Properly Granted Summary Judgment*

## DISCUSSION

I. *We Properly Granted Summary Judgment*

### Standard

Summary judgment is permitted where there is no genuine issue of material fact and the moving party is

entitled to prevail as a matter of law. *New York Guardian Mortgage Corporation v. Dietzel,* 362 Pa. Super. 426, 429, 524 A.2d 951, 952 (1987). The courts view the record in a light most favorable to the non-moving party. *Id.* The non-moving party seeking to avoid summary judgment cannot rest solely upon the averments in their pleadings. *Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 289, 515 A.2d 980, 981 (1986). The non-moving party bears the burden of demonstrating a genuine issue for trial through affidavits, admissions, answers to interrogatories or other specific factual evidence. *Id.* at 292, 515 A.2d at 983; see also, Pa.R.C.P. 1035(d).

Entry of summary judgment is appropriate in a mortgage foreclosure action whether mortgagors "admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunnigham v. McWilliams,* 714 A.2d 1054, 1057 (Pa. Super. 1998) (citing *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 225-26, 282 A.2d 335, 340 (1971)). Additionally, averments in a responsive pleading are deemed admitted when not denied specifically or by necessary implication. Pa.R.C.P. 1029; see also, *Cercone v. Cercone,* 254 Pa. Super. 381, 388, 386 A.2d 1, 3 (1978) (finding defendant was required to specifically deny factual allegations in complaint where defendant is in position to know truth or falsity of allegation). A general denial or demand for proof will be deemed an admission. *Id.* More specifically, in a mortgage foreclosure action, the mortgagors, aside from the mortgagee or assignee, are the only parties with sufficient knowledge to base a specific denial. *Deitzel,* at 429, 524 A.2d at 952; see also, *Cercone,* at

388, 386 A.2d at 4 ("merely averring lack of knowledge is ineffective when it affirmatively appears . . . defendant had sufficient knowledge on which to base an admission or specific denial.").

### a. *Testimony was not required*

Defendants have raised eleven issues in their concise statement of errors complained of on appeal. In six of those issues, defendants contend that this court erred in not receiving testimony for various reasons. See concise statement, issues, 1, 2, 3 5, 8, 10. However, a hearing was never requested and was not necessary in order to adjudicate plaintiff's second motion for summary judgment. Plaintiff filed its second motion for summary judgment, and filed an argument praecipe in accordance with our local rules. As per the normal court procedure, upon the filing of an argument praecipe, the court administrator scheduled the matter for oral argument, not a hearing. Additionally, defendants never made a request for a hearing. Therefore, no testimony was taken. However, both parties had ample opportunity to present their respective positions, arguments and case law, which were all considered before we rendered our decision.

### b. *Dispute over interest rate*

In defendants' first issue on appeal, they assert that summary judgment was improperly granted because of their allegation that they dispute the interest rate for the mortgage. While is it true that defendants have consistently asserted general denials of the interest rate in their answer to the complaint, answer and new matter to the motion for summary judgment, answer and new matter to the second motion for summary judgment and in their

responses to plaintiff's discovery requests, defendants have failed to offer a specific denial, *i.e.,* defendants have not set forth what they believe to be the correct interest rate, or identify any document which would put the interest rate in dispute. Because defendants, as the mortgagors, are in possession of the information to form a specific denial, a general denial will be deemed an admission. In addition, defendants had ample opportunity to engage in discovery in order to produce any paperwork they might not have had in their possession at the time they answered the complaint or filed their answer to the first motion for summary judgment, in order to make a specific denial at the time they responded to the second motion for summary judgment.

### c. *Dispute over amount of total mortgage due*

In defendants' second and fifth issues on appeal, defendants allege that summary judgment was improperly granted because they were not given proper and full credit for all of the mortgage payments they made and the total amount of the mortgage is in dispute, respectively. Because these issues raise common concerns, they can be discussed simultaneously.

Based upon the pleadings and discovery responses, we correctly determined that defendants were properly credited with all mortgage payments, and that the amounts due on the mortgage were correctly computed by plaintiff. Although defendants generally denied the amounts due on the mortgage in their answer to the complaint, such denial amounts to an admission because they failed to respond with a specific denial. Defendants are in the best position to know the amount that they believe was not properly credited to their mortgage, or

explain why they believe that the amount of the mortgage is incorrect. Additionally, defendants failed to respond with specific facts contradicting plaintiff's affidavit attached to the first motion for summary judgment, filed by Craig Hanton, the authorized agent for Wilshire Credit Corporation as attorney in fact for and representative for plaintiff, attesting to the amounts due on the mortgage. Rather, in new matter, defendants baldly dispute the amounts claimed to be due. Even after the opportunity for discovery, defendants failed to provide a specific denial in their answer to the second motion for summary judgment. Accordingly, we properly determined that defendants general denials and bald assertions did not raise an issue of material fact.

### d. *Mr. Cox's illness was considered*

In defendants' third issue on appeal, they contend that this court should have considered Mr. Cox's long-term, chronic, painful, near-death year-long health care battle and how it impeded his ability to make mortgage payments. At oral argument for the first motion for summary judgment, Mr. Cox's counsel did make this court aware of Mr. Cox's nearly fatal illness. We did consider this at that time, and was in part why we denied the first motion for summary judgment and allowed time for discovery. We also note that defendants did refer to Mr. Cox's illness in their discovery responses as the reason they were unable to pay their mortgage. This court was aware of the situation.

### e. *Defendants had ample time to conduct discovery*

In defendants' fourth and eleventh issues on appeal, they contend that additional time to conduct depositions,

submit interrogatories or make requests for the production of documents should have been provided; however, defendants did have the opportunity to conduct discovery but chose not to. In fact, we denied the first motion for summary judgment on December 15, 2008, allowing them until March 15, 2009 to conduct discovery. There is no showing on the record that defendants complied with this discovery deadline or that they conducted any discovery at all. Although we acknowledge that defendants did assert in their answer to the second motion for summary judgment that they sent interrogatories to plaintiff, defendants did not file an affidavit of service with this court, they did not they provide this court with a copy of these interrogatories, they did inform this court when interrogatories were sent and whether plaintiff answered or refused to answer these interrogatories. There is simply no showing that defendants engaged in or were in the process of engaging in discovery at the time oral argument for the second motion for summary judgment was conducted.

### f. *No issues of fact or inferences from those facts remained*

In the sixth issue on appeal, defendants allege issues of fact remain or inferences that may be drawn from those facts remain. We disagree, plaintiff established the necessary elements for a foreclosure action, attached a copy of the mortgage, and the defendants, in response, failed to submit any facts to the contrary. Defendants' pleadings were general assertions unsupported by any facts; accordingly they were deemed admissions.

### g. *We applied the proper summary judgment standard*

Defendants' seventh issue alleges that this court did not view the record in the light most favorable to the non-moving party. We disagree. We applied the proper summary judgment standard.

### h. *No evidence of ongoing loan modification negotiations*

Eighth, defendants allege that this court should have denied summary judgment because of "ongoing negotiations" for a loan modification. Even if defendants and plaintiff were so engaged, plaintiff has no obligation to modify defendants' mortgage. Plaintiff is contractually entitled to seek foreclosure, which is what plaintiff chose to do. Additionally, defendants did not show that they were engaged in "ongoing negotiations." The only evidence defendants presented of ongoing negotiations is a document entitled, "homeowner proposal to remain in the property." See answer to second motion for summary judgment, exhibit "A." In this document, defendants made a formal request for a loan modification from Wilshire Credit Corporation. Defendants signed and dated the document on December 6, 2008. This is not evidence of "ongoing negotiations." Rather, it is evidence that defendants were pursuing a loan modification back in December of 2008, the time the first motion for summary judgment was heard, and a little over a year before the second motion for summary judgment was heard. Further, the denial of the first motion for summary judgment provided defendants an additional year in which to modify their mortgage.

### i. *Judicial notice of mortgage crisis*

In defendants' ninth issue on appeal they allege that we should have taken judicial notice of the fact that Montgomery County, the Commonwealth of Pennsylvania and the United States of America, are experiencing a "mortgage crisis" and it's the will of the Montgomery County Commissioners, the Pennsylvania Legislature and the U.S. Congress that all steps be taken by the courts and the parties to avoid foreclosures. While it is true this country is experiencing a mortgage crisis, plaintiff is entitled as a matter of law to summary judgment. It is not up to this court to rewrite plaintiff's contractual rights, by taking away the remedy that it is legally entitled to.

### j. *Allegations of "bad faith"*

Tenth, defendants contend that plaintiff was acting in "bad faith" to hasten the time period to foreclose when good faith efforts are being made by both parties to modify the loan. Plaintiff is under no obligation to renegotiate the loan. Plaintiff is legally entitled to seek to foreclose on the property, which it has chosen to do. Additionally, defendants had a year since the denial of the first motion for summary judgment to renegotiate the loan. There has been no hastening of the time period to foreclose.

### CONCLUSION

Based on the forgoing analysis, our December 18, 2009 order granting plaintiff's second motion for summary judgment should be affirmed.