J-A25013-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| BAC HOME LOAN SERVICING LP FKA COUNTRYWIDE HOME LOAN SERVICING, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| DARIA M. VIOLA, | : : | |
| Appellant | : | No. 3393 EDA 2013 |

Appeal from the Order entered October 21, 2013,
Court of Common Pleas, Philadelphia County,
Civil Division at No. 1010-00101

BEFORE:  DONOHUE, WECHT and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED OCTOBER 27, 2014**

Daria M. Viola ("Viola") appeals from the October 21, 2013 order entered by the Philadelphia County Court of Common Pleas granting the motion for summary judgment filed by Bank of America, which acquired BAC Home Loan Servicing LP, FKA Countrywide Home Loan Servicing ("BAC"), in 2008 (hereinafter collectively referred to as "Mortgagee").  For the reasons that follow, we affirm.

The trial court summarized the facts of the case as follows:

> On October 28, 2005, [Viola] executed and delivered a mortgage upon real property [Viola] owned in Philadelphia, Pennsylvania to Mortgage Electronic Registration Systems, Inc. [('MERS')], as nominee for American Mortgage Network, Inc. (['Amnet').] Subsequently, [MERS] [] assigned the subject mortgage to [BAC]. On April 14, 2011, the assignment to [BAC] was duly recorded by the

*Retired Senior Judge assigned to the Superior Court.

Philadelphia County Recorder of Deeds. By merger, Bank of America […] became the mortgagee. [Viola] allegedly has been in default on the mortgage since February 1, 2009.

On October 4, 2010, [BAC] filed its Complaint in Mortgage Foreclosure against [Viola] for real property located in Philadelphia, Pennsylvania while it was in the process of finalizing its assignment of the Mortgage. After numerous Conciliation Conferences, [Viola] filed Preliminary Objections to the Complaint. [Viola] alleged that: (1) [BAC] lacked standing because the assignment to [BAC] was not effective until April 14, 2011, after the commencement of the instant action; (2) [the trial c]ourt lacked jurisdiction because the Act 91 Notice of Default did not name the correct original lender; (3) [BAC] failed to attach the Note, Mortgage, and or assignment of the Mortgage to the Complaint; (4) the verification attached to the Complaint was defective because it was signed by [BAC]'s Counsel, not by an officer of [BAC]; and (5) the assignment of the Mortgage to [BAC] was defective for various reasons. [BAC] filed an Answer to [Viola]'s first Preliminary Objections. Upon reviewing the Preliminary Objections as contested, [the trial c]ourt sustained [the] objections regarding the improper verification of the Complaint and failure to attach the assignment of the mortgage to [BAC], and overruled the other objections. [The trial c]ourt dismissed the Complaint without prejudice and granted [BAC] leave of court to amend its Complaint.

On August 28, 2012, [BAC] filed its Amended Complaint correcting the defects in its initial Complaint. [Viola] again filed Preliminary Objections, most of which were identical to those in [Viola]'s first Preliminary Objections; paragraphs 1 and 4-14 were identical to objections raised in the first Preliminary Objections.

[Viola]'s new objections were that the [trial c]ourt lacked jurisdiction because the assignment of the

mortgage to [BAC] was not effective when the Act 91 Notices were sent and that the Complaint failed to aver when the lender provided notice of default and acceleration as per paragraph 20 and 22 of the Mortgage Instrument. On October 2, 2012, [BAC] filed its Answer to [Viola]'s Second Preliminary Objections.

Thereafter, [the trial c]ourt overruled all of [Viola]'s Second Preliminary Objections. [The trial c]ourt overruled Preliminary Objections 1 and 4-14 because they were previously raised and overruled. [The trial c]ourt overruled objections in paragraphs 2 and 3 because [Viola] waived these arguments; [Viola] could have, but failed to raise them in her first Preliminary Objections. Moreover, pursuant to *35 P.S. § 1681.5(3)*, the statutory pre-foreclosure notice requirements codified in *35 P.S. §§ 1680.402c* and *1680.403c*, commonly known as Act 91, are no longer jurisdictional, and therefore may be waived. *See also Beneficial Consumer Disc. Co. v. Vukman*, 77 A.3d 547 (Pa. 2013). In a mortgage foreclosure action, a plaintiff's failure to comply with *Sections 1680.402c* and *1680.403c* does not deprive the court of subject matter jurisdiction over the action. *Id.* Additionally, [Bank of America] alleged that it sent a combined Act 6 and Act 91 pre-foreclosure notice to [Viola] and provided evidence thereof.

Thereafter, [Viola] filed her Answer to the Complaint with New Matter and a counterclaim to quiet title seeking to have the Mortgage declared null and void. In her Answer, [Viola] only admitted her identity and that she is the owner of the subject property. [Viola] generally denied all of the other averments. On December 21, 2012, [BAC] filed a Reply to New Matter and Preliminary Objections to [Viola]'s Counterclaim. [Viola] did not file an answer to [BAC]'s Preliminary Objections. Thereafter, upon reviewing [BAC]'s Preliminary Objections as uncontested, the Court sustained the objections, dismissed [Viola]'s Counterclaim without prejudice, and granted [Viola] leave to amend.

[Viola] did not amend her Counterclaim seemingly under the mistaken belief that [the trial c]ourt's January 16, 2013 Order directed [BAC] to amend its Complaint. The Court admits that it made a clerical error in the Order by writing 'complaint' rather than 'counterclaim.' However, the Order clearly stated that the Court sustained [BAC]'s Preliminary Objections to [Viola]'s Counterclaim and dismissed [Viola]'s Counterclaim without prejudice. It defies logic that [Viola] would interpret this clerical error to mean that while the Court was dismissing [Viola]'s Counterclaim without prejudice, it was also *sua sponte* granting [BAC] leave to amend its Complaint, which was not requested by either party. Therefore, [BAC] did not fail to comply with an order of [the trial c]ourt as [Viola] now asserts.

On July 15, 2013, shortly after becoming a party to this action,[1] [Bank of America] filed its Motion for Summary Judgment that included an affidavit from an officer of [Bank of America]'s [*sic*]. Thereafter, [Viola] filed an Answer. In her Answer, [Viola] alleged that [Bank of America] was not the current holder of the Mortgage because of alleged defects in the chain assignments; [Bank of America]'s predecessor did not comply with the notice requirements of Act 6 and Act 91; and that [Bank of America]'s Affiant lacks personal knowledge of the account activity and the Affidavit is double hearsay. [Viola] generally denied being in default and did not aver that the she was current in her mortgage obligations. Upon reviewing the Motion for Summary Judgment as contested, [the trial c]ourt granted the motion finding that [Viola] was in default on the mortgage and therefore, there were no genuine issues of material fact to submit to a finder of fact.

On November 20, 2013, [Viola] filed the instant appeal. That same day, [the trial c]ourt ordered

---

[1] On July 10, 2013, Bank of America filed a praecipe for the substitution of parties pursuant to Rule of Civil Procedure 2352(a).

> [Viola] to file of record a Concise Statement of Matters Complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 11, 2013 [Viola] timely filed her 1925(b) Statement[.]

Trial Court Opinion, 1/28/14, at 1-5 (footnote added; record citations omitted).

On appeal, Viola raises the following issues for our review:

> Whether, under Pennsylvania law, [Viola] is entitled to an appeal when:
>
> a. Genuine issues of fact remain regarding [the] validity of [Bank of America]'s assignment, possession of the original note, power to enforce it and purported security instrument;
>
> b. The trial court erred in admitting [Mortgagee]'s defective [and] inadmissible affidavit, business records and recorded documents;
>
> c. [Mortgagee] failed to comply with the Notice provisions of Act 91;
>
> d. The [c]ourt erred in overruling [Viola]'s preliminary objections; and
>
> e. [Mortgagee] failed to comply with [the trial] court's order of 17 January 2013 directing [Mortgagee] to file [an] Amended Complaint?

Viola's Brief at 5.[2]

_____

[2] The issues listed above are recited verbatim from the statement of questions involved section of Viola's appellate brief. We note, as does Mortgagee, that the issues raised in the argument section of Viola's appellate brief do not mirror those that are included in the statement of questions involved, failing completely to raise or develop any argument or cite to any authority in support of issues c, d, and e stated above. "The Rules of Appellate Procedure state unequivocally that each question an

We review a decision granting summary judgment according to the following standard:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa. Super. 2013) (citation omitted).

Viola first argues that the trial court erred by granting Mortgagee's motion for summary judgment, asserting that there were genuine issues of

---

appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014); *see also* Pa.R.A.P. 2119(a), (b). Therefore, we do not address these three issues in our decision.

material fact "that cloud the validity of [Mortgagee]'s security instrument and the accuracy and truthfulness in the assignment." Viola's Brief at 13. In support of this argument, she states that there was no valid assignment of the note and mortgage to Mortgagee. Viola states that she signed a security interest naming Amnet as the lender, which company did not exist at that time, as Wachovia Bank had acquired it six weeks prior to the signing of the security instrument, and thus there was nothing to assign to Mortgagee. *Id.* The record reflects that Viola raised this issue in her preliminary objections, and in response, Mortgagee submitted the report from the Securities and Exchange Commission, revealing that although Amnet did merge with Wachovia Bank, Amnet survived the merger, remaining as "a wholly owned subsidiary of Wachovia[.]" Plaintiff's Response to Defendant's Preliminary Objections to Plaintiff's Complaint, 6/7/12, at Exhibit B. Viola did not provide any evidence to dispute this information or create an issue of material fact. As the record is clear that Amnet did exist at the time Viola signed the security agreement with Amnet as the lender, this argument does not merit any relief.

Viola further contends that there were various flaws in the assignment, including that the mortgage number listed on the assignment is not hers,[3]

---

[3] The mortgage number on the assignment is 51338842, whereas Viola's mortgage number is 5133842. **Compare** Motion for Summary Judgment, 7/15/13, at Exhibit C **with id.** at Exhibit B. Mortgagee states that this was a simply scrivener's error. Mortgagee's Brief at 23. This conclusion is

that there is no indication that Amnet ever assigned the mortgage and note to BAC, and that the assignment executed to Bank of America "is facially flawed" because the note does not indicate that BAC was in possession of the note at the time of its assignment. *Id.* at 14-15. According to Viola, these flaws create a genuine issue of material fact as to whether Bank of America is in fact the holder of the note and mortgage. *Id.* at 15-16. The trial court found that Viola made the above assertions regarding the validity of the assignment "without providing any evidentiary support." Trial Court Opinion, 1/28/14, at 10. It further found, pursuant to this Court's holding in *JP Morgan Chase Bank, N.A. v. Murray*, Viola lacked standing to challenge the validity of the assignment to Mortgagee. *Id.* at 10-11.

In *JP Morgan Chase Bank, N.A.*, this Court found that a note secured by a mortgage is a negotiable instrument, as defined by the Pennsylvania Uniform Commercial Code ("PUCC").[4] *JP Morgan Chase*

---

supported by the fact that the assignment contains Viola's name, address and a legal description of her mortgaged property. Based upon the manner by which we dispose of this argument, however, we need not address this question directly.

[4] The PUCC defines a negotiable instrument as follows:

> Except as provided in subsections (c) and (d), 'negotiable instrument' means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

- 8 -

*Bank, N.A.*, 63 A.3d at 1265. "Pursuant to the PUCC, a debtor who satisfies his obligations under a negotiable instrument cannot be required to do so again, even if the recipient of the debtor's performance is not the holder of the note in question." *Id.* at 1263 (citing 13 Pa.C.S.A. § 3602(a)). Because a borrower is not in danger of double liability – *i.e.,* if the assignment to the plaintiff was in fact defective, the borrower would not have to pay on the note to another party or entity – the borrower is not injured by an allegedly defective assignment. Thus, the Court found that a borrower lacks standing to challenge the validity of the assignment. *Id.* at 1266; *see also In re Walker*, 466 B.R. 271 (Bankr. E.D. Pa. 2012).

The note in question was indorsed "in blank," which means it does not identify the person to whom the instrument is payable, and instead is

---

(2) is payable on demand or at a definite time; and

(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:

    (i) an undertaking or power to give, maintain or protect collateral to secure payment;

    (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or

    (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

13 Pa.C.S.A. § 3104(a).

payable to the person or entity in possession of the note. **See** 13 Pa.C.S.A. § 3205(a), (b); **see also** Motion for Summary Judgment, 7/15/13, at Exhibit A. Other than to challenge the validity of the assignment, Viola does not challenge that Bank of America is in possession of the note.

Furthermore, Viola did not challenge the fact that she is the mortgagor of the mortgaged property in question and never specifically denied that she defaulted on her payments. Answer to Amended Complaint, 12/6/12, at ¶¶ 2, 6; **see also** Amended Complaint in Mortgage Foreclosure, 8/28/12 at ¶¶ 2, 6. [I]in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts." **First Wisconsin Trust Co. v. Strausser**, 653 A.2d 688, 692 (Pa. Super. 1995).

Standing to maintain an action is a prerequisite to a party's ability to seek judicial resolution of a controversy. **Step Plan Servs., Inc. v. Koresko**, 12 A.3d 401, 417 (Pa. Super. 2010). As Viola admits that she is the person who mortgaged the property in question and defaulted on the mortgage, and she lacks standing to challenge the validity of the assignment, this issue affords her no relief.

As her second issue on appeal, Viola states that the trial court erred by granting summary judgment, as Mortgagee "failed to show that it is [the] holder of a properly indorsed promissory note transferring power to enforce

the mortgage pursuant to [PUCC] Section 3301." Viola's Brief at 16. It is unclear whether Viola is claiming that Bank of America failed to prove that it had the power to enforce the mortgage or whether BAC, at the inception of the case, had the authority to bring the action in the first place. She includes no citations to the record in her rambling argument in support of this issue, **see id.** at 17-19, leaving us unable to discern the underlying question. The law she cites suggests that she is contesting Bank of America's authority based upon the fact that the note is not specifically indorsed to Bank of America. **See id.** at 17. As stated above, however, the record reflects that the note is indorsed in blank, which makes the note payable to the person or entity in possession of the note. **See** 13 Pa.C.S.A. § 3205(a). Viola makes no argument that Bank of America is not in fact in possession of the note, and fails to include any citation to or discussion of section 3205(a).

Viola further baldly states that the trial court "also erred as a matter of law in its opinion declaring that Appellee was a legal owner of the mortgage at the commencement of the suit without assignment and without being holder of the note." Viola's Brief at 17. She includes no citations to the record or to any case, statute, or rule in support of this statement. We reiterate that the Rules of Appellate Procedure expressly require that an appellant include citations to the record and to pertinent authority in support of each argument raised on appeal. Pa.R.A.P. 2119(a)-(c). Viola's failure to

properly develop this argument results in its waiver. *See Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014).

As her third and final issue on appeal, Viola states that the trial court erred by accepting the affidavit filed by Mortgagee when granting its request for summary judgment, as the affidavit contained inadmissible hearsay. Viola's Brief at 19. The trial court found that the affidavit of Bank of America's assistant vice president, Mary Beth Fetkovich ("Fetkovich"), was properly considered and that Viola failed to produce evidence in support of her claim that Fetkovich lacked personal knowledge of the information contained in the affidavit. Trial Court Opinion, 1/28/14, at 13.

Pennsylvania Rule of Civil Procedure 1035.4 governs affidavits accompanying motions for summary judgment. It requires, in relevant part, that affidavits filed in support or opposition of summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein." Pa.R.C.P. 1035.4. The affidavit in question was submitted by Mortgagee to authenticate the records relevant to the proceeding. Thus, to be admissible as an exception to the rule against hearsay, the affidavit must indicate:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a 'business', which term includes

business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) neither the source of information nor other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6).

Viola asserts that Fetkovich could not have personal knowledge regarding the records created and maintained by Amnet and MERS, and that Fetkovich provides no foundation for her personal knowledge of the information in her affidavit. Viola's Brief at 19-20. Viola does not specify what information in the affidavit Fetkovich would not have had personal knowledge of by virtue of her position with Bank of America, only that "Bank of America has no knowledge of the account activity of a non-related bank." *Id.* at 20. Our review of the affidavit reveals that the only "account activity of a non-related bank" Fetkovich arguably included in her affidavit were that Viola ceased making mortgage payments beginning with the payment due on February 1, 2009, and the total amount of money Viola owed as a result of her default. Affidavit, 6/19/13, at ¶¶ 7-8. However, Viola did not specifically deny averments in Mortgagee's Amended Complaint that she

- 13 -

defaulted on her mortgage beginning with the February 1, 2009 payment or that she owes the amount Mortgagee alleges. ***See*** Answer to Amended Complaint, 12/6/12, at ¶¶ 6-7; Amended Complaint in Mortgage Foreclosure, 18/28/12, at ¶¶ 6-7. As we previously stated, Viola's general denials, stating that she is without sufficient information to form a belief as to the truth of these averments, constitutes an admission of those facts. ***First Wisconsin Trust Co.***, 653 A.2d at 692; ***see also*** Pa.R.C.P. 1029(c), *Note* (stating that generally denying an averment, claiming that the party is without sufficient knowledge of its truth or falsity, "does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false"). This is because Mortgagee and Viola "are the only parties who would have sufficient knowledge on which to base a specific denial." ***First Wisconsin Trust Co.***, 653 A.2d at 629 (quoting ***New York Guardian Mortgage Corp. v. Dietzel***, 524 A.2d 951, 952 (Pa. Super. 1987)). Thus, as a result of these admissions, even if the affidavit is faulty with regard to these inclusions, we find no error by the trial court on this basis.

The remainder of Viola's argument focuses on her confusion regarding to whom she owes money and who is entitled to bring this foreclosure action. ***See*** Viola's Brief at 20-22. She again assails the validity and authenticity of the various assignments made. She does not contend that she does not owe on the mortgage, but she contests that Bank of America is

J-A25013-14

the party entitled to payment. ***See id.*** at 21-22 ("I just don't have enough information to answer whether I owe Bank of America a red US cent."). As stated hereinabove, even if she was to pay Bank of America and the assignment to Bank of America was later invalidated, Viola would not be responsible for paying the correct party on the mortgage. ***See JP Morgan Chase Bank, N.A.***, 63 A.3d at 1265; 13 Pa.C.S.A. § 3602(a). Thus, this argument does not entitle her to a reversal of summary judgment.

In summary, based upon the arguments raised on appeal, we find no error of law or abuse of discretion in the trial court's determination that there is no genuine issue of material fact and that Mortgagee is entitled to relief as a matter of law. We therefore affirm its order granting Mortgagee's motion for summary judgment.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/27/2014</u>