J-S30017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PNC BANK NATIONAL ASSOCIATION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY PODLUCKY AND KARLA S. | : | |
| PODLUCKY, INDIVIDUALLY AND AS | : | |
| TRUSTEE OF 2007 QUALIFIED | : | No. 1674 WDA 2019 |
| PERSONAL RESIDENCE TRUST | : | |
| | : | |
| | : | |
| APPEAL OF: GREGORY PODLUCKY | : | |

Appeal from the Order Entered October 18, 2019
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  5804 of 2014

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED SEPTEMBER 17, 2020**

Gregory Podlucky ("Gregory") appeals from the order granting the summary judgment motion filed by PNC Bank National Association ("PNC") and entering judgment in PNC's favor and against Gregory and Karla S. Podlucky (collectively the "Podluckys"). We affirm.

The trial court set forth the procedural history of this mortgage foreclosure action as follows:

> A complaint in mortgage foreclosure was filed on November 26, 2014. In said complaint, [PNC] alleged that [the Podluckys] failed to pay their mortgage since May 1, 2014. [The Podluckys] filed an Answer and New Matter . . . denying the existence of the default and denying that they owed the amount claimed. [PNC] filed a Motion for Summary

_____

[*] Former Justice specially assigned to the Superior Court.

Judgment on August 27, 2015, alleging that no genuine issue of material fact was raised by [the Podluckys'] answer, as their denials were general in nature. [The Podluckys] then filed an Amended Answer and New Matter alleging that they made two payments that were not credited by [PNC] and would have resulted in fulfilment of the mortgage obligation.

On June 28, 2016, [the trial c]ourt entered an Order staying the Motion for Summary Judgment at the request of [the Podluckys] to allow for discovery. [PNC] renewed its request for summary judgment on April 23, 2018 and filed a Brief in Support. [The Podluckys] filed a Brief in Opposition. Oral argument was scheduled on the matter for May 30, 2019. Prior to Oral argument, Defendant Gregory Podlucky filed a *pro se* Counterclaim dated April 8, 2019 and [PNC] responded with Preliminary Objections on April 22, 2019. Although all counsel appeared for oral argument, [the Podluckys'] counsel indicated that he would have to withdraw based on the *pro se* Counterclaim of Defendant Gregory Podlucky. The [c]ourt again stayed the Motion for Summary Judgment to permit counsel to withdraw from the case and to give [the Podluckys] additional time to obtain counsel. [The Podluckys] did not obtain new counsel and [PNC] motioned to reschedule oral argument. Oral argument was held on October 10, 2019 and only counsel for [PNC] appeared.

Trial Court Opinion, filed Oct. 21, 2019, at 1-2 ("Trial Ct. Op.").

In October 2019, it sustained PNC's preliminary objection to Gregory's counterclaim and granted summary judgment in favor of PNC and against the Podluckys. Gregory filed a notice of appeal.

Gregory's brief does not contain a statement of questions presented. It appears that he is attempting to claim that there are missing payment history pages that would prove the Podluckys made payments between 1991 and 1994. He claims the Podluckys sought this history from PNC. He also seems

to claim a former attorney, who allegedly abandoned him, may have relevant documents.

Gregory has waived any claim on appeal by failing to include a statement of questions presented, to present a coherent argument, or to support his arguments with relevant case law. *Smathers v Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996) (noting court unable to conduct meaningful judicial review where "the omission of the statement of questions presented is combined with the lack of any organized and developed arguments"); *see also* Pa.R.A.P. 2101, 2116, 2119. These failings materially impede us from understanding and reviewing Gregory's arguments on appeal.

Furthermore, Gregory's overarching challenge to the grant of summary judgment to PNC lacks merit. "[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Nicolaou v. Martin*, 195 A.3d 880, 891 (Pa. 2018) (citing Pa.R.C.P. 1035.2(1)). The trial court "must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Id.* This Court will "reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." *Id.* at 892. The issue of whether there is a genuine issue of material fact is a questions of law, which we review *de novo*. *Id.*

The trial court concluded:

In the current matter, [PNC's] complaint contained the proper averments outlined in Pennsylvania Rule of Civil Procedure 1147. This included the parties to and the date of the mortgage, a description of the land subject to the mortgage, the name and address of [the Podluckys], a specific averment of default, an itemized statement of the amount due, and a demand for judgment for the amount due. In seeking summary judgment, [PNC] argues that [the Podluckys] answer failed to properly deny those averment.

After a review of [the Podluckys] answer, and the documents submitted by [PNC] in support of its request for summary judgment, this Court has determined that there is no genuine issue of material fact raised by [the Podluckys]. [The Podluckys] admitted the existence of the note and mortgage, that they were the owners of the property at issue, and that they entered into the note and mortgage for that property. [The Podluckys] did deny the existence of a default and the amount allegedly owed, but those denials were general in nature. Pursuant to Pa.R.C.P. 1029(b), general denials have the effect of an admission. Although the exception set forth in Pa.R.C.P. 1029(c) allows a party to state that after a reasonable investigation they are without sufficient knowledge to form a belief as to the truth of an averment, it does not apply in mortgage foreclosure actions in relation to the amount of the debt owed. In *New York Guardian Mortgage Corp. v. Dietzel*, 362 Pa.Super. 426, 429, 524 A.2d 951, 952 (1987), the Superior Court held that, "in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of the averments as to the principal and interest owing [on a mortgage] must be considered an admission of those facts." This is because "apart from appellee, appellants are the only parties who would have sufficient knowledge of which to base a specific denial." *Id.* at 429. This position is further supported by the note to subsection (c) of Rule 1029, which provides that "reliance upon subsection (c) does not excuse a failure to deny or admit factual allegations when it is clear that the pleader must know if the allegations are true or not." *City of Philadelphia v. Hertler*, 114 Pa.Commw. 475, 482, 539 A.2d 468, 472 (1988). Therefore, [the Podluckys] general denials of the existence of the default and the amount of said default actually have the effect of admissions.

> In addition, [the Podluckys] were granted multiple opportunities to pursue their claim that two payments were made between 1991 and 1994 totaling $45,000. The matter was stayed so the parties could engage in discovery. The matter was further stayed to allow [the Podluckys] to obtain new counsel. Summary Judgment has been pending since August 2015. Despite the time and opportunities granted to [the Podluckys], they failed to provide any documentation or evidence of record to support the existence of those payments beyond their allegation. A party "seeking to avoid the entry of summary judgment against them may not rest upon the averments contained in their pleadings. On the contrary, [in accordance with Pennsylvania Rule of Civil Procedure 1035.3,] they are required to show, by depositions, answers to interrogatories, admissions or affidavits, that there is a genuine issue for trial." ***Washington Federal Sav. and Loan Ass'n v. Stein***, 515 A.2d 980 (Pa.Super. 1986). Since [the Podluckys] failed to comply with Pa.R.C.P. 1035(d), [the Podluckys] fail to raise a genuine issue of material fact.

Trial Ct. Op. at 3-4.

This was not error. The Podluckys failed to establish any genuine issue of material fact existed, and therefore entry of summary judgment was proper.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2020

- 5 -