J-A02018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DRPHONEFIX USA, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MITCHELL ENTERPRISER, LLC AND | : | |
| MICHAEL MITCHELL, INDIVIDUALLY | : | |
| | : | No. 789 WDA 2021 |
| Appellants | : | |

Appeal from the Order Entered June 16, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at No GD-20-006047

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                **FILED: JANUARY 31, 2022**

Mitchell Enterpriser, LLC, and Michael Mitchell, individually (collectively, Appellants), appeal from the entry of summary judgment in favor of DrPhoneFix USA, LLC (DrPhoneFix), as a result of Appellants' breach of franchise agreement and sublease.  We affirm.

On September 16, 2020, DrPhoneFix filed an amended complaint averring that Appellants had entered into a franchise agreement and sublease with DrPhoneFix to operate an electronic device repair store.  DrPhoneFix alleged that Appellants subsequently breached the franchise agreement.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Amended Complaint, 9/16/20, at 1-2.[1]  On October 13, 2020, Appellants filed an answer, new matter, and counterclaim.  DrPhoneFix filed a reply on November 10, 2020.  The trial court did not issue a case management order.[2]

On April 27, 2021, DrPhoneFix filed a motion for summary judgment, accompanied by a brief and sworn affidavit from William Daragan, its chief executive officer, specifying amounts Appellants owed to DrPhoneFix. DrPhoneFix also attached a spreadsheet documenting payments made by Appellants and amounts outstanding.  Affidavit, 4/27/21, Exhibit A.  On May 11, 2021, Appellants filed a two-page response which did not reference specific denials or facts.  Rather, Appellants restated the same general allegations they made in their new matter, including lack of proper notice, wrongful conversion of inventory, and improper accounting of inventory value. Response to Motion for Summary Judgment, 5/11/21, at 2.  Appellants did not submit any affidavits, exhibits or a legal brief in support of their response.

The trial court scheduled argument on summary judgment for June 15, 2021.  On June 2, 2021, Appellants filed a notice of deposition and other discovery requests.  Notwithstanding, argument on summary judgment

---

[1] Although the pages in the complaint are unnumbered, we reference each page as though numbered.

[2] Appellants state that "[i]n Allegheny County, case management orders are not issued, and a discovery deadline is not imposed until a case appears on a published trial list, which occurs only after a case is placed at issue." Appellants' Brief at 17.

proceeded on June 15, 2021. The next day, the court granted summary judgment.[3] Appellants timely appealed. Appellants and the trial court have complied with Pa.R.A.P. 1925.

Appellants present a single question for review:

Was it an error of law and/or abuse of discretion for the trial court to grant summary judgment where genuine issues of material fact existed, and where discovery requests to [DrPhoneFix] remained outstanding?

Appellants' Brief at 4.

In reviewing the grant of summary judgment, our standard of review is well-settled:

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. **Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non[-]moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the**

_____

[3] In their amended complaint, DrPhoneFix requested $59,555 in damages. Amended Complaint, 9/16/20 at 2. However, DrPhonefix subsequently revised the amount, reducing it to $51,305. Affidavit, 4/27/21, Exhibit A. The trial court awarded the latter amount. Order, 6/16/21. Appellants did not challenge the calculation of damages in their Concise Statement, and thus any argument regarding damages is waived. Pa.R.A.P. 1925(b)(4)(vii) (issues not included in the Statement are waived); *see also* Appellants' Concise Statement of Matters Complained of on Appeal, 7/27/21.

**entitlement of the moving party to judgment as a matter of law.** Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Thompson v. Ginkel*, 95 A.3d 900, 904 (Pa. Super. 2014) (emphasis added).

Appellants first challenge the entry of summary judgment "because of outstanding discovery." Appellants' Brief at 16. Appellants claim the trial court abused its discretion in finding their June 2, 2021 discovery filing was a delay tactic. *Id.* at 16-19. We disagree.

DrPhoneFix filed their amended complaint in September 2020, and the pleadings closed by November 10, 2020. As noted above, there was no case management order. DrPhoneFix filed for summary judgment on April 27, 2021. Appellants did not request discovery until June 2, 2021, less than two weeks prior to the scheduled argument on DrPhoneFix's motion for summary judgment. Appellants did not explain their delay in requesting discovery, or the import of their discovery requests, and did not request that argument on summary judgment be continued to facilitate discovery. There is no indication that Appellants lacked information regarding the parties' agreement and Appellants' payment of franchise fees and rent. Under these circumstances, we discern no error in the trial court's finding that Appellants' discovery filing was a delay tactic.

Appellants also argue the trial court improperly granted summary judgment because Appellants did not admit to breaching the franchise

agreement and sublease, and there existed genuine issues of material fact pertaining to liability and damages. Appellants' Brief at 9-10. We disagree.

Pennsylvania Rule of Civil Procedure 1035.3 states in pertinent part:

(a) the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.Civ.P. 1035.3(a)(1)-(2). "[P]arties seeking to avoid the entry of summary judgment against them ... are required to show, by depositions, answers to interrogatories, admissions, or affidavits, that there is a genuine issue for trial." *Wash. Fed. Sav. & Loan Assn. v. Stein*, 515 A.2d 980, 981 (Pa. Super. 1986).

Instantly, the trial court explained:

[Appellants] claim[] that the [c]ourt erred in granting Summary Judgment because genuine issues of material fact exist ….

DrPhoneFix alleges that it is entitled to Summary Judgment because there is no genuine issue as to material fact in this case. Specifically, it claims that [Appellants] admitted to the breach and there [are] no factual issues. DrPhoneFix asserts that [Appellants] did not raise a defense claiming payment and failed to show any proof of payment. …

**Summary Judgment was granted in this case because [Appellants] raised no real defense**. **The answers**

J-A02018-22

**contained mostly admissions and bare denials without explanation**….

Trial Court Opinion, 9/7/21, at 2-3. The record supports the trial court's rationale.

In its amended complaint, DrPhoneFix averred:

> 7. [Appellants have] breached Article 9 of the Agreement by failing to pay the franchise fee and/or royalty fees due and owing to [DrPhoneFix]. See Article 9 attached hereto as part of Exhibit "A".

> 8. As a guarantor of Mitchell Enterpriser, LLC, Defendant, Michael Mitchell is personally liable for this breach.

> 9. [Appellants are] in breach of the Franchise Sublease Agreement since April 2019. The Sublease Agreement provides for monthly rent due and owing to [DrPhoneFix] in the amount $3,000.00; with a late fee of $300.00. Attached hereto as Exhibit "B" are relevant portions of the Sublease Agreement.

> 10. As a result of these breaches, [Appellants] owe to [DrPhoneFix] the amount of Fifty-Nine Thousand Five Hundred Fifty-Five and 00/100 Dollars ($59,555.00).

Amended Complaint, 9/16/20, at 2, ¶¶ 7-10.

Appellants responded with general denials. For example, Appellants averred:

> 7. The allegations set forth in Paragraph 7 of [DrPhoneFix's] Amended Complaint constitute conclusions of law to which no response is necessary. To the extent that an Answer is deemed necessary, and after reasonable investigation, [Appellants] lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged royalty fee due and the time period for which the same were due, and therefore, the same are denied.

> 8. The allegations set forth in Paragraph 8 of [DrPhoneFix's] Amended Complaint constitute conclusions of law to which no

response is necessary. To the extent that an Answer is deemed necessary, then [Appellants] incorporate by reference Paragraphs 7 of this Answer as though more fully set forth herein.

9. The allegations set forth in Paragraph 9 of [DrPhoneFix's] Amended Complaint constitute conclusions of law to which no response is necessary. To the extent that an Answer is deemed necessary, then the averment in Paragraph 9 of [DrPhoneFix's] Amended Complaint reference portions of a written document which speaks for itself and requires no response. Any characterization of the same is denied.

10. The averments contained in Paragraph 10 of [DrPhoneFix's] Amended Complaint constitute conclusions of law to which no response is required.

Answer, New Matter and Counterclaim, 10/13/20, at 2, ¶¶ 7-10.

Appellants did not file a brief in opposition to summary judgment, and in their two-page response, failed to plead "specific denials" or facts. Rather, Appellants restated the same general allegations made in their new matter, without submitting any documentation to refute the affidavit and spreadsheet supplied by DrPhoneFix. Response to Motion for Summary Judgment, 5/11/21, at 1-2 (raising general claims concerning failure to provide proper notice, lack of adequate training, and other inadequacies regarding the franchise arrangement).

It is well-settled that a party cannot rely on a general denial when the party must know whether the allegation is true or false. *See Cercone v. Cercone*, 386 A.2d 1, 4-5 (Pa. Super. 1978); *see also N.Y. Guardian Mortg. Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa. Super. 1987). To raise a genuine issue of material fact at summary judgment, a defendant must do

more than rest on the pleadings; he or she must meet the burden of producing facts to counter the plaintiff's averments. *See N.Y. Guardian Mortg. Corp.*, *supra* at 952-53; *see also* Pa.R.Civ.P. 1035.3(a). Here, Appellants relied on general denials and failed to produce facts to counter DrPhoneFix's averments.

Appellants argue that their "New Matter sets forth facts, which if believed, establish a genuine issue of material fact regarding whether [they] breached the Agreement and Sublease and whether DrPhoneFix was damaged[.]" Appellants' Brief at 9. However, our review discloses that instead of pleading facts in support of their claims, Appellants made unsupported allegations and conclusory statements. *See* Answer, New Matter and Counterclaim, 10/13/20, at 3-4. Consequently, Appellants failed to establish a genuine issue of material fact. *See Wash. Fed. Sav. & Loan Assn.*, 515 A.2d at 981.

In sum, the record supports the trial court's determination that summary judgment was warranted because Appellants failed to present a genuine issue of material fact.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2022

- 8 -