J-S51015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RBS CITIZENS, N.A. SUCCESSOR IN INTEREST TO CCO MORTGAGE CORPORATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC BRODIE AND ADINA BRODIE | |
| Appellants | No. 3316 EDA 2014 |

Appeal from the Judgment Entered October 21, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2013-01556

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:　　　　　**FILED SEPTEMBER 14, 2015**

　　　　Appellants, Eric Brodie and Adina Brodie ("the Brodies"), appeal from the summary judgment entered in the Bucks County Court of Common Pleas, in favor of Appellee, RBS Citizens, N.A. successor in interest to CCO Mortgage Corporation ("RBS Citizens"), in this mortgage foreclosure action. We affirm.

　　　　The trial court opinion fully sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[1]

_____

[1] The court granted summary judgment in favor of RBS Citizens by order dated October 20, 2014, entered on the docket on October 21, 2014, with notice sent on October 28, 2014.  The Brodies timely filed a notice of appeal
*(Footnote Continued Next Page)*

_____

*Retired Senior Judge assigned to the Superior Court.

The Brodies raise the following issues for our review:

DID THE TRIAL COURT COMMIT AN ERROR OF LAW IN ITS GRANT OF SUMMARY JUDGMENT WHEN THERE DID NOT EXIST A NOTE TRANSFER BY NEGOTIATION THROUGH THE CHAIN OF LOAN TITLE IN FAVOR OF [RBS CITIZENS] BELOW AND THERE WAS NO ASSIGNMENT OF MORTGAGE LIKEWISE?

DID THE TRIAL COURT COMMIT AN ERROR OF LAW IN ADMITTING THE OTHERWISE INADMISSIBLE AFFIDAVIT IN SUPPORT OF…[RBS CITIZENS'] MOTION FOR SUMMARY JUDGMENT AS WELL AS UPON THAT AFFIDAVIT'S LIKEWISE INADMISSIBLE FOUNDATION?

(The Brodies' Brief at 8).

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive opinion of the Honorable Albert J. Cepparulo, we conclude the Brodies' issues merit no relief. The trial court opinion discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed January 20, 2015, at 6-8; 12-15) (finding: **(1)** CCO Mortgage Corporation is original mortgagee and lender; when court granted summary judgment, 15 Pa.C.S.A. § 1929 was controlling,[2] which provided that, upon merger, surviving or new corporation succeeds to rights and liabilities of merged corporation; RBS Citizens produced Certificate of Merger

*(Footnote Continued)* ————————

on November 20, 2014. On November 25, 2014, the court ordered the Brodies to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the Brodies timely complied.

[2] On October 22, 2014, the legislature repealed Section 1929, and re-codified the statute at 15 Pa.C.S.A. § 336 (effective July 1, 2015).

with official seal by Comptroller of Currency of Treasury Department, signed September 18, 2007 (effective September 1, 2007); official certification evidences that CCO merged into RBS Citizens, such that RBS Citizens assumed all of CCO's assets and liabilities, including Brodies' mortgage and note; thus, RBS Citizens did not have to produce assignment of mortgage, where merger effectively resulted in RBS Citizens' assumption of mortgage; **(2)** RBS Citizens' loan history records, obtained in regular course of business, did not trigger *Nanty-Glo*[3] rule because such evidence is not oral testimony or dependent upon credibility and demeanor of any witnesses; additionally, Brodies produced no evidence to refute computation of damages contained in affidavit by David Salley (officer and litigation manager of RBS Citizens) or accuracy of RBS Citizens' loan history records, except to claim they are "indecipherable"; moreover, Brodies' general denials to itemized list of amounts owed constituted admissions in mortgage foreclosure action).[4] Accordingly, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

---

[3] ***Borough of Nanty-Glo v. American Surety Co. of New York***, 309 Pa. 236, 163 A. 523 (1932).

[4] The correct citation for ***LTV Steel Company, Inc. v. W.C.A.B. (Mozena)*** is 562 Pa. 205, 754 A.2d 666 (2000).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/14/2015</u>

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL DIVISION

RBS CITIZENS, N.A., SUCCESSOR IN      :   No. 2013-01556
INTEREST TO CCO MORTGAGE CORP.    :   3316 EDA 2014

       vs.                                     :

ERIC BRODIE AND ADINA BRODIE       :



Case #: 2013-01556   B09    10770949

**OPINION**

Code: 5214       Judge:30
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt Z1239909   1/20/2015 1:53:56 PM

## I.    INTRODUCTION

Appellants/Defendants Eric Brodie and Adina Brodie appeal to the Superior Court of

Pennsylvania from this Court's grant of Appellee/Plaintiff RBS Citizens' Motion for Summary

Judgment. We file this Opinion pursuant to Pennsylvania Rule of Appellate Procedure

(Pa.R.A.P.) 1925(a).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2007, Eric Brodie and Adina Brodie ("Defendants") made, executed and

delivered a Mortgage to CCO Mortgage Corp. in the amount of $360,000.00. Complaint at ¶ 3,

Exh. A. The Mortgage applied to 41 Carol Lane, Richboro, PA 18954 ("Subject Property") and

was recorded in the Office of the Recorder of Deeds in Bucks County on July 19, 2007 in

Mortgage Book 5465, Page 1194. Compl. at ¶¶ 3, 5, Exh. A. Additionally, Defendants executed

a Promissory Note in consideration of the loan on June 19, 2007. Compl. at ¶ 4, Exh. B.

Plaintiff is the successor in interest to the original Mortgage holder- CCO Mortgage Corp.

Motion for Summary Judgment ("Motion") at ¶ 3, Exh. A. Plaintiff attached a Certificate of

Merger which was recorded in the Office of the Comptroller of Currency, United States

Department of Treasury to their Motion. Motion Exh. A. A legal description of the Subject

Property was attached to the complaint. The requisite Notice of Intention to Foreclose and

Notice of Homeowners' Emergency Assistance was sent to both Defendants individually pursuant to the Loan Interest and Protection Law 41 P.S. §§ 101 et seq. ("Act 6") and the Homeowner's Emergency Mortgage Assistance Act of 1983, 35 P.S. §§ 1680.401c et seq. ("Act 91"). Compl. at ¶ 10. Exh. C.

The Complaint alleged that the Mortgage was in default because Defendants failed to make payments of principal and interest due on April 1, 2012 and any monthly payments thereafter. Compl. at ¶ 7, Motion for Summary Judgment ("Motion") at 7, Exh. B. Pursuant to the Complaint, "Plaintiff brings this action to foreclose on the mortgage between Defendants and itself..." as "[t]he Mortgage is now in default..." Compl. at ¶¶ 3, 7. Therefore, Plaintiff filed a complaint in mortgage foreclosure seeking $370,328.76 as of March 1, 2013 plus interest.[1] Compl. at ¶ 7.

A Sheriff's Return filed on March 19, 2013 indicated that the Bucks County Sheriff attempted to serve Defendants with Plaintiff's Complaint five (5) separate times and received no response, left notices, and thereafter found the notices were removed. Therefore, on May 9, 2013 Plaintiff filed a Motion for Alternative Service Pursuant to Pennsylvania Rule of Civil Procedure 430, which we granted on May 30, 2013. Our Order permitted Plaintiff to serve Defendants with their complaint by posting the premises and via regular and certified mail to Defendants' last known address- 41 Carol Lane, Richboro, PA 18954.[2] The Complaint was reinstated on June 13, 2013.

On August 12, 2013 Defendants filed an Answer and New Matter. It was admitted that Defendants were the Record Owners of the Subject Property. Answer at ¶ 6. However,

---

[1] The principal balance owed was $339,663.83 with accrued but unpaid interest at $22,736.26 and fees and costs including accumulated late charges, property inspection fees, appraisal fees, hazard insurance, school tax, cost of suit, and attorney's fees totaling $7,928.67. See Compl. at 7 for an itemized list of fees.
[2] Plaintiff complied with this Order and filed a Certificate of Service on July 5, 2013.

Defendants denied that they were in default under the terms of the Mortgage, and additionally alleged that " 'appraisal fees,' 'property inspection' and post-acceleration interest is either not chargeable and/or not incurred upon information and belief." Ans. at ¶ 7. Defendants responded that both the Mortgage and the Note "speaks for itself in its entirety" and also alleged that this Court is without jurisdiction "for Plaintiff's non-compliance" in terms of the Act 6/91 Notices. Ans. at ¶¶ 3, 4, 10. Furthermore, in terms of an itemization of amounts due in Paragraph 7 of Plaintiff's Complaint, Defendants responded that "...after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment and therefore, said averment is expressly denied..." Ans. at ¶ 7.

In their New Matter, Defendants allege that Plaintiff is without standing, is in violation of Act 6/91, is "barred by laches, estoppel, and its own unclean hands," and is "barred and/or limited by its violations of the Truth-In-Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA"). New Matter at ¶¶ 3, 4, 6, 7. Defendants further claim that Plaintiff's verification is defective and that Plaintiff is in violation of the Home Affordability Modification Program ("HAMP") as well as the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and "such other and further government (federal or state) programs relevant herein." New Matter at ¶¶ 8, 10, 11. Finally, Defendants assert that this Court is without jurisdiction. New Matter at ¶ 5.

On August 16, 2013, Plaintiff filed a reply to Defendant's New Matter, responding "Denied. Defendants' allegations are conclusions of law devoid of any allegations of fact; therefore, no response is required under the Pennsylvania Rules of Civil Procedure" to each of Defendant's allegations. Plaintiff's Reply to New Matter at ¶¶ 1-11.

On February 10, 2014 Plaintiff filed a Motion for Summary Judgment ("Motion"). This Motion was praeciped under Bucks County Rule of Civil Procedure ("B.C.R.C.P.") 208.3(b) and, thus, submitted for disposition. In its Motion, Plaintiff asserted that "[t]here is no genuine issue of material fact regarding the Defendants' default." Motion at ¶ 12. Attached to this Motion is the Mortgage and Note, both of which were signed by Defendants on June 19, 2007. See Motion Exh. A, B. Plaintiff also attached the Certificate of Merger recorded in the Office of the Comptroller of Currency, United States Department of Treasury, reflecting Plaintiff as the record holder of both the Mortgage and Note. See Motion Exh. A. Furthermore, a redacted copy of Defendants' loan history and a letter sent to both Defendants individually notifying them of their default and of Plaintiff's intent to foreclose are attached. See Motion Exh. B.

Plaintiff attached an Affidavit to the Motion, authored by David P. Salley, an officer and litigation manager of RBS Citizens, N.A. Successor in Interest to CCO Mortgage Corp. See Motion Exh. B. Mr. Salley asserted that, based on his personal knowledge and review of business records kept in the normal course of business, payments are due and owing and as of October 22, 2013 the total amount due on the Mortgage was $390,059.55, including interest at $62.81 per day. Motion Exh. B. The amount owed was itemized and listed with specificity in his affidavit.

In terms of Defendants' Answer, Plaintiff asserted that Defendants offered only a general denial in response to Plaintiff's averment of default and the amount due and owing on the mortgage, and, therefore, pursuant to relevant Pennsylvania caselaw, such a denial constitutes an admission in a mortgage foreclosure action. Motion at ¶¶ 12, 13.

Defendants filed a Response in Opposition to Plaintiff's Motion for Summary Judgment ("Response") on March 12, 2014. In this response, Defendants "expressly denied" that

Defendants ever executed a mortgage or note in favor of Plaintiff. Response at ¶¶ 2-3.

Furthermore, in terms of the amount due, Defendants deny that they are liable for "appraisal fees," "property inspection" and post-acceleration interest. Response at ¶ 4. Defendants aver that Mr. Salley's affidavit constitutes "inadmissible testimonial hearsay predicated upon an indecipherable 'payment history.'" Response at ¶ 7. Defendants also claim that this court lacks jurisdiction relating to Plaintiffs "non-compliance" with Act 6/91. Response at ¶ 9.

In Defendants' accompanying Memorandum of Law, Defendants first claim that "Plaintiff must be the negotiated transferee of the subject note as well as record assignee of the subject mortgage through the chain of loan title (as evidenced by negotiation/allonge and assignment of mortgage, respectively)." Defendants argue summary judgment was inappropriate as the note was still in the name of the original lender and Plaintiff failed to attach an assignment of mortgage. Furthermore, Defendants aver that Mr. Salley's affidavit was in violation of the Nanty-Glo rule.

On October 20, 2014, upon consideration of the foregoing, we issued an Order granting summary judgment for Plaintiffs and entering an *in rem* judgment against Defendant in the amount of $390,059.55 plus interest in the amount of $62.81 per day from October 23, 2014.

On November 20, 2014, Defendants filed a Notice of Appeal to the Superior Court.

## III.    MATTERS COMPLAINED OF ON APPEAL

On November 25, 2014, we Ordered Defendants to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days. On December 16, 2014, Defendants filed his 1925(b) statement raising the following claims, *verbatim*:

1) Whether the trial court erred in granting Plaintiff-Appellee's Motion for Summary Judgment per the arguments contrary thereto in Defendants-Appellants' response in opposition?

2) Whether the trial court erred in finding Plaintiff was the pre-judgment record assigned mortgagee and recipient of the negotiated transferred note through the chain of loan title such as to allow summary judgment?

3) Whether the trial court erred in finding Plaintiff has standing/authority to allow summary judgment?

4) Whether the trial court erred in precluding requested discovery, oral argument, and evidentiary hearing?

5) Whether the trial court erred in admitting otherwise objected to as inadmissible claimed "evidence"?

## IV. ANALYSIS

The Superior Court's standard of review of a court's grant of summary judgment is well-established:

> [S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt.
>
> On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is de novo. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

Summers v. Certainteed Corp., 997 A.2d 1152, 1159 (Pa. 2010).

**1) The Court Correctly Granted Summary Judgment in Favor of Plaintiff**

In regard to Defendants' first claim, the arguments made in Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment are three-fold as set forth above and can be summarized as follows: (1) Plaintiff is not the record holder of the Mortgage and Note and failed to attach or reference an Assignment of Mortgage and (2) the affidavit was in violation of the Nanty-Glo rule, and (3) the merger documents constitute inadmissible hearsay. Because all of these averments are wholly contained in Defendants' issues 2) – 5), we will address them below.

## 2) Plaintiff was the Pre-Judgment Record Assigned Mortgagee and Recipient of the Negotiated Transferred Note

Defendant claims that this court erred in finding Plaintiff was the record assigned mortgagee and recipient of the Note. There is no dispute that Plaintiff did not produce or reference an Assignment of Mortgage. Additionally, we recognize that the CCO Mortgage Corp. is the original Mortgagee and Lender. However, at the time summary judgment was granted in this case, Title 15 ("Corporations and Unincorporated Associations") Pa. C.S.A. § 1929 ("Effect of merger or consolidation") was controlling. Therefore, the effect of a merger or consolidation is as follows:

> All the property, real, personal and mixed, and franchises of each of the corporations parties to the merger or consolidation, and all debts due on whatever account to any of them…shall be deemed to be vested in and shall belong to the surviving or new corporation, as the case may be, without further action, and the title to any real estate, or any interest therein, vested in any of the corporations shall not revert or be in any way impaired by reason of the merger or consolidation. The surviving or new corporation shall thenceforth be responsible for all the liabilities of each of the corporations so merged or consolidated.

15 Pa.C.S.A. § 1929(b).[3]  Accord LTV Steel Co., Inc. v. W.C.A.B. (Mozena), 754 A.2d 666, 677 (Pa. 2013) (holding "It is well established law in the Commonwealth that when corporations merge the surviving corporation succeeds to both the rights and liabilities of the constituent corporation").  Here, Plaintiff attached a Certificate of Merger that was signed and bore an official seal by the Comptroller of the Currency with the Treasury Department to the Motion for Summary Judgment.  Motion Exh. A.  This Certificate was signed on September 18, 2007[4] and indicated that the merger was effective as of September 1, 2007.  This official certification evidences that CCO Mortgage Corp. of Glen Allen, VA (among other distinct corporations) was merged into Citizens Bank, National Association "with the title RBS Citizens, National Association."  Motion Exh. A.  Therefore, in granting summary judgment, we determined that based on the language of the relevant statute in addition to the directives of caselaw, the merger resulted in RBS Citizens, N.A.'s assumption of all CCO Mortgage Corp.'s assets and liabilities, including the Mortgage and Note at issue here.  As a result, an Assignment of Mortgage was unnecessary, as the merger effectively resulted in Plaintiff's assumption of the Mortgage.  Furthermore, Defendants failed to present evidence to the contrary, and simply rested on their general statements that Plaintiff was not the record holder of the Mortgage and Note.

### 3) The Trial Court had Jurisdiction to Adjudicate the Instant Litigation

Next, Defendants claim the trial court erred in "finding Plaintiff had standing/authority to allow summary judgment."  We are uncertain and it is unclear as to whether Defendants are challenging our jurisdiction to entertain this particular lawsuit generally or Plaintiff's lack of

---

[3] We are aware that as of October 22, 2014 (two (2) days after our grant of Summary Judgment) the General Assembly repealed 15 Pa.C.S.A. 1929 in total.  See 2014 Pa. Legis. Serv. Act 2014- 172 (H.B. 2234).
[4] Defendants' executed the Mortgage and Note on June 19, 2007.

standing to bring the lawsuit for reasons set forth above.[5] Regardless, in terms of the latter, we have previously established that Plaintiff was the successor in interest to CCO Mortgage Corp. and, therefore, at the time summary judgment was granted Plaintiff was the holder of the Mortgage and Note. In addressing the former, we note that our jurisdiction to entertain the instant action is pursuant to Pennsylvania Rule of Civil Procedure ("Pa.R.C.P.") 1142, which states that a mortgage foreclosure action "may be brought in and only in a county in which the land or a part of the land is located." There is no dispute that the Subject Property is located in Bucks County, PA.

Furthermore, in Defendants' Response to Plaintiff's Motion, Defendants claimed that this court lacked jurisdiction "relating to Plaintiffs 'non-compliance' with Act 6/91. Response at ¶ 9. This issue of whether the Act 91 notice requirements impose jurisdictional prerequisites has been previously adjudicated and decided by our Supreme Court in Beneficial Consumer Discount Co. v. Vukman, 77 A.3d 547 (Pa. 2013). In this case, mortgagee filed a complaint in mortgage foreclosure against mortgagor, which resulted in a settlement agreement in which mortgagee received judgment for the accelerated amount due on the mortgage, however, agreed not to execute on the judgment so long as mortgagor continued making regular payments. Beneficial, 77 A.3d at 548. Thereafter, mortgagor defaulted on her obligations pursuant to the settlement agreement and mortgagee filed a praecipe for writ of execution and the property was sold thereafter. Id. Mortgagor then filed a "Motion to Set Aside Judgment and

---

[5] Based on the foregoing and despite our efforts to address Defendants' claim, we are of the opinion that it is waived as vague pursuant to relevant law. Where a petitioner's Concise Statement pursuant to Pa.R.A.P. 1925(b) is not specific enough for a trial court to identify and address the issue the petitioner wishes to raise on appeal, the trial court may find waiver. Commonwealth v. Reeves, 907 A.2d 1, 2 (Pa. Super. 2006). When a court must guess what issues are being appealed, petitioner has not presented enough for meaningful review. Id. When a petitioner fails to identify the issues he pursues on appeal, the court is impeded in its preparation of a legal analysis pertinent to those issues. Id. "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." Id. (citing Lineberger v. Wyeth, 894 A.2d 141, 148 (Pa. Super. 2006)).

Sheriff's Sale" on the basis that the Act 91 Notice was deficient because it failed to inform mortgagor of an option available to her as of 2006. Id. The trial court found the notice was deficient as a result and concluding "this stripped it of subject matter jurisdiction, which cannot be waived." Id. Mortgagee filed a timely notice of appeal, raising the issue that "even if the notice was deficient, this fact did not extinguish the trial court's subject matter jurisdiction over [the] case." Id. at 549. The court reasoned and concluded as follows:

> The failure to pay the mortgage according to its terms gave [mortgagee] its cause of action. To act on that cause of action, it was required to give notice under Act 91. As the notice it gave did not meet the requirements of the Act, it was defective and the procedural requirements for enforcement were not met; that defect, however, did not affect the jurisdiction of the court to hear the matter.

Id. at 553. Here, we determined that Plaintiff provided adequate Act 6/91 Notice to Defendants regarding notice of default and their intention to foreclose.[6] See Compl. Exh. C, Motion Exh. B. Regardless, any failure to provide such notice in no way affects our jurisdiction to hear this matter and, even so, Defendants do not point to any specific defect or omission in the combined notice and, therefore, this claim is meritless.

## 4) The Court Correctly Precluded Discovery, Oral Argument, and Evidentiary Hearings

Defendants question whether this Court's grant of summary judgment was an abuse of discretion and/or error as a matter of law because they did not have an opportunity to engage in further discovery. However, in their Memorandum of Law in support of their Response in Opposition to Plaintiff's Motion for Summary Judgment, Defendants "demanded" the deposition of Plaintiff's affiant. First, it is important to note that the Complaint in Mortgage Foreclosure was first filed on March 5, 2013 and Defendants had been in default under the terms of the

---

[6] Although the Notices sent to Defendants individually by Plaintiff are entitled "Act 91 Notice," the dictates of Act 91 (specifically 35 P.S. § 1680.403c(b)(1)) provide that a mortgagee shall prepare a notice pursuant to all of the information required by the statute in addition to that required by Act 6 (41 P.S. § 403). All of the information required by both Act 6 and Act 91 are contained therein. See Compl. Exh. C; Motion Exh. B.

Mortgage and Note since April 1, 2012. Defendants filed their Answer and New Matter on August 12, 2013. This Motion was not praeciped for our disposal until April 7, 2014 and we did not receive it for review until May 6, 2014. It was not until October 20, 2014 that we granted Plaintiff's Motion for Summary Judgment. Defendants were afforded ample time and opportunity to conduct discovery to negate Plaintiff's assertions or support any defenses to the allegations. There is no evidence that Defendants attempted to depose Plaintiff's "affiant," as the record as it stands before us is devoid of any notice of intention to take such an oral deposition. Moreover, summary judgment may be granted "whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery . . . ." Pa.R.C.P. 1035.2. Thus, discovery does not need to be completed in order for this Court to rule on Motions for Summary Judgment. See Pa.R.C.P. § 1035.2(1).

In the instant case, although Defendants demanded an evidentiary hearing/oral argument in the *ad damnum* clause of their Memorandum of Law in Support of their Opposition to Plaintiff's Motion for Summary Judgment, neither party requested oral argument via praecipe as required. Bucks County Rule of Civil Procedure ("B.C.R.C.P) 208.3(b)(6) states that "[u]nless oral argument has been requested by the moving party in the praecipe, or by any other party within the 10-day period specified in subsection (2) hereof, the matter shall be disposed of by written order . . . ." Defendants did not request oral argument via praecipe when they filed their Response. Although Defendants may have desired oral argument, Defendants' request failed to satisfy the praecipe requirement of B.C.R.C.P. 208.3(b)(6). Therefore, this Court was not required to provide oral argument and was permitted to dispose of the matter by written order.

5) **The Trial Court Correctly Considered Plaintiff's Affidavit, Defendant's Loan History Documents, and the Merger Documents**

Defendants finally claim that this court erred in "admit[ing]" inadmissible "claimed 'evidence.'" In addressing this issue, we assume that Defendant is again relying on the specific evidence attached to Plaintiff's Motion for Summary Judgment as set forth in their responsive Memorandum of Law including the affidavit of Mr. Smalley, the payment history, and the merger documents. We will address the admissibility of each in turn, but will first set forth the dictates of Nanty-Glo v. American Surety Co., 163 A. 523 (Pa. 1932).

The Nanty-Glo rule governs the use of oral testimony (either through affidavits or depositions) to determine the outcome of a case in motions practice. The Rule dictates that "...the party moving for summary judgment may not rely **solely** upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issues of material fact." Dudley v. USX Corp., 606 A.2d 916, 918 (Pa. Super. 1992) (emphasis added). The Rule, as explicated by the Pennsylvania Superior Court:

> The function of the summary judgment proceedings is to avoid a useless trial but is not, and cannot, be used to provide for trial by affidavits or trial by depositions. That trial by testimonial affidavit is prohibited cannot be emphasized too strongly. In considering a motion for summary judgment, the lower court must examine the whole record, including the pleadings, any depositions, any answers to interrogatories, admissions of record, if any, and any affidavits filed by the parties. From this thorough examination the lower court will determine the question of whether there is a genuine issue as to any material fact. On this critical question, the party who brought the motion has the burden of proving that no genuine issue of fact exists. All doubts as to the existence of a genuine issue of a material fact are to be resolved against the granting of summary judgment.
>
> In determining the existence or non-existence of a genuine issue of a material fact, courts are bound to adhere to the rule of [*Nanty–Glo* ] which holds that a court may not summarily enter a judgment where the evidence depends upon oral testimony.

DeArmitt v. New York Life Ins. Co., 73 A.3d 578, 595 (Pa. Super. 2013).

Three (3) factors determine the applicability of the Nanty-Glo Rule:

> Initially, it must be determined whether the plaintiff has alleged facts sufficient to establish a *prima facie* case. If so, the second step is to determine whether there is any discrepancy as to any facts material to the case. Finally, it must be determined whether, in granting summary judgment, the trial court has usurped improperly the role of the [fact-finder] by resolving any material issues of fact. It is only when the third stage is reached that *Nanty–Glo* comes into play.

DeArmitt v. New York Life Ins. Co., 73 A.3d at 594-95 citing Dudley v. USX Corp., 606 A.2d at 920. Therefore, in order for the Nanty-Glo Rule to apply in the instant case, there must exist a genuine discrepancy or dispute as to a material fact.

Applying the Nanty-Glo analysis to the instant case, Plaintiff has shown without doubt, by way of the pleadings and by way of Pa.R.C.P. 1029 ("Denials. Effect of Failure to Deny"), that Defendants are in default of the Mortgage. Defendants' loan history records, obtained by Plaintiff in the regular course of business, do not trigger the applicability of the Nanty-Glo Rule because this evidence is not oral testimony and is not dependent upon the credibility and demeanor of any witnesses.

Most importantly, in terms of the affidavit and loan history, Defendants have not provided any evidence to refute Plaintiff's accounting of damages. There is no discrepancy in the amounts due and owing on the Mortgage. Furthermore, Defendants have not provided any evidence to refute Mr. Smalley's computation of damages in the affidavit, nor have they refuted the accuracy of the loan history records, and only go so far as to conclude they are "indecipherable."

Addressing the fees that Defendants deny they are liable for in their Response to Plaintiff's Motion, including "appraisal fees," "property inspection" and post-acceleration interest, these fees are specifically provided for in paragraph 14 of the Mortgage. See Compl. Exh. A, Motion Exh. A. Furthermore, the Note, which was signed by Defendants, clearly states

that the interest rate is 6.750% annually upon the unpaid principal. The Note explicitly provides that this is the interest rate to be employed both before and after any default by Defendants.

It is obvious that Plaintiff calculated the interest and fees based upon the information provided in the Mortgage and the Note, both of which were contractually agreed to by Defendants. Based upon the clearly delineated interest rate, amount of the monthly payments, late charges (five percent (5.000%) of the overdue payment) and the amount of unpaid principal on the loan, Defendants were fully capable of determining the amount of interest and late charges that accrued from the date of default to the filing of the Complaint. Because these documents speak for themselves in terms of the calculation of the interest, principal, and fees owed, Plaintiff is not required to provide a step-by-step computation.

Furthermore, in terms of an itemization of amounts due in Paragraph 7 of Plaintiff's Complaint, Defendants responded that "…after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment and therefore, said averment is expressly denied…" Ans. at ¶ 7. Defendants also provided that the Mortgage and the Note are documents that "speak for [themselves] in [their] entirety" or "expressly denied" their existence. Ans. at ¶¶ 3, 4; Response at ¶¶ 2-3.

When it is clear that a party must know whether a particular allegation is true or false, reliance on Pennsylvania Rule of Civil Procedure 1029(c) does not excuse a party's failure to admit or deny the allegation. Cercone v. Cercone, 386 A.2d 1, 4 (Pa. Super. 1978); see also Pa.R.C.P 1029(c). Further, "in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts." First Wisconsin Trust Co. v. Strausser, 653 A.2d 688, 692 (Pa. Super. Ct. 1995). Indeed, to date Defendant is

"the only part[y] who would have sufficient knowledge on which to base a specific denial." New York Guardian Mortgage Corp. v. Dietzel, 524 A.2d 951, 952 (Pa. Super. Ct. 1987). Thus, in the absence of any evidence to refute Defendants' averments, Defendants' general denials to Paragraph 7 of Plaintiff's Complaint (setting forth an itemized list of costs associated with default of this Mortgage) contained in his Answer constitutes an admission. See Strausser, 653 A.2d at 692.

Finally, the Merger documents constitute an official record and are thus admissible pursuant to 42 Pa.C.S.A. § 5328(a). Section 5328(a) provides that the prerequisite for the admission of documents located outside the Commonwealth is that it be evidenced by a "copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody" of the document. Here, Plaintiff attached a sealed Certificate from the Comptroller of the Currency evidencing the merger. See Compl. Exh. A, Motion Exh. A.

Ultimately, Defendants' Answer and New Matter and Response to Plaintiff's Motion for Summary Judgment failed to create a genuine issue of material fact and, accordingly, Plaintiff is entitled to judgment as a matter of law.

## V.    CONCLUSION

The foregoing represents this Court's opinion regarding Defendants' appeal from the Court's granting of Summary Judgment for Plaintiff.

BY THE COURT:

Date: _January 20, 2015_

_____
ALBERT J. CEPPARULO, JUDGE

Page **15** of **15**

**RBS CITIZENS VS. ERIC BRODIE**
**No. 2013-01556**
**3316 EDA 2014**

**Copies Sent To:**

Matthew B. Weisberg, Esquire
WEISBERG LAW, PC
7 South Morton Avenue
Morton, PA 19070-1707
*Counsel for Appellant*

Sean P. Mays, Esquire
LAW OFFICES OF GREGORY JAVARDIAN
1310 Industrial Boulevard, Suite 101
Southampton, PA 18966
*Counsel for Appellee*

Janette Livezey,
Managing Editor
LAW REPORTER
Bucks County Bar Association
135 East State Street
Doylestown, PA 18901

Barbara A. Morris,
Law Library
BUCKS COUNTY COURTHOUSE
55 East Court Street, 1st Floor
Doylestown, PA 18901