J. S52014/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TRACY BEAVER-McKEON AND | : | |
| MICHAEL McKOEN, | : | No. 3432 EDA 2015 |
| | : | |
| Appellants | : | |

Appeal from the Order Dated October 8, 2015,
in the Court of Common Pleas of Chester County
Civil Division at No. CV-2013-05089-RC

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED AUGUST 18, 2016**

Tracy Beaver-McKoen and Michael McKoen appeal **pro se** from the October 8, 2015 order entered in the Court of Common Pleas of Chester County granting summary judgment in favor of Nationstar Mortgage, LLC ("Nationstar") in its mortgage foreclosure action against appellants.  We affirm.

The record reflects that on March 14, 2005, appellants jointly made, executed, and delivered a mortgage to Mortgage Electronic Registration Systems, Inc., and that Tracy Beaver-McKeon solely executed the promissory note.  Following several assignments, the mortgage was ultimately assigned by U.S. Bank National Association, as trustee for the benefit of Harborview 2005-3 Trust Fund (U.S. Bank), to Nationstar.

_____

* Retired Senior Judge assigned to the Superior Court.

Appellants stopped making payments on the mortgage on or about August 1, 2010. Appellants received the requisite pre-foreclosure notice pursuant to Act 91, **see** 35 P.S. §§ 1680.401c-1680.412c, but took no further action.

On May 24, 2013, U.S. Bank filed a complaint in mortgage foreclosure against appellants, alleging that the mortgage was in default and that appellants owed payments for the amounts due from August 1, 2010, forward. In their June 21, 2013 answer with new matter, appellants responded to the material portions of the complaint with general denials and demands for strict proof at trial. Following assignment of the mortgage to Nationstar by U.S. Bank, Nationstar became successor plaintiff to the underlying mortgage foreclosure action pursuant to Pa.R.C.P. 2352.

Thereafter, on July 18, 2014, Nationstar filed a motion for summary judgment. Appellants filed a timely response. On September 3, 2014, the trial court denied Nationstar's motion for summary judgment, without prejudice. Despite the denial, appellants continued to file responses to Nationstar's motion for summary judgment. Appellants also filed a series of motions for leave to file amended pleadings, and Nationstar filed several motions for continuance.

On March 9, 2015, Nationstar renewed its motion for summary judgment. Appellants filed a timely response, followed by additional motions for leave to file amended pleadings. Nationstar, once again, filed several

motions for continuance. On September 16, 2015, argument on Nationstar's renewed motion for summary judgment took place. On October 9, 2015, the trial court granted summary judgment in favor of Nationstar. Appellants filed a timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion.

Appellants raise the following issues for our review:

1. The Trial Court committed prejudicial error and/or abused its discretion when it granted plaintiffs [sic] second motion for summary judgment, by refusing to examine the record in the light most favorable to the non-moving party, accept as true all well pleaded facts in the non-moving party's pleadings, and give him [sic] the benefit of all reasonable inferences drawn there from [sic].

2. The Trial Court committed prejudicial error and/or abused its discretion when it granted plaintiffs [sic] second motion for summary judgment, by failing to apply the correct standard to consider said motion when the record clearly demonstrates that genuine issues of material fact exist and/or not clear of doubt, by failing to consider the entire record before it. Appellant's [sic] provided sufficient proof and knowledge and proof to be deemed genuine issues of material fact as to one or [sic] elements of the cause of action in mortgage foreclosure.

3. The Trial Court committed prejudicial error and/or abused its discretion when it refused to acknowledge Nationstar Mortgage LLC failed to produce clear, definitive proof of the original Consumer Mortgage Services, Inc. mortgage note. The Note originator testified at [sic]

Summary Judgment hearing the Note presented by plaintiff was not genuine, and did not contain the signature of Michael McKeon (note originator), nor did Tracy Beaver-McKeon clarify the signature contained on the document was that of the home owner.

4. The Trial Court committed prejudicial error and/or abused its discretion when it found that Nationstar Mortgage LLC had "standing to sue" and bring the foreclosure action when Nationstar Mortgage LLC is not entitled to enforce the note as a "holder in due course".

5. The Trail [sic] Court committed prejudicial error and/or abused its discretion when it refused to acknowledge mortgagors denied specifically and disputed the allegations made by plaintiff in their [sic] complaint referencing the amount owed and due. The mortgagors adduced evidence in the record controverting the evidence provided by plaintiff. Plaintiffs [sic] failed to present complete, accurate and trustworthy records evincing the actual amount due and owing from defendant [sic]. A judgment in mortgage foreclosure action must be in sum certain or it cannot be executed. Defendants dispute the Trail [sic] Courts [sic] finding that the amount due and owing from defendant [sic] is $823,524.28 and interest.

6. The Trial Court committed prejudicial error and/or abused its discretion to permit the admission of the assignment of mortgage plaintiff proffered into evidence and determined it to be a valid assignment.

7. The Trail [sic] Court committed prejudicial error and/or abused its discretion when it did not apply Rule 803(6) and 42 Pa.C.S.A. in its determination of the plaintiffs [sic] exhibits or the plaintiffs [sic] corporate designee to be a 'qualified witness' to establish circumstantial

trustworthiness. The records themselves are not admissible under Rule 803(6).

8.    The Trial Court committed prejudicial error and/or abused its discretion when it failed to recognize the defendants specifically denied plaintiff's assertion, supported in the motion for summary judgment with the affidavit of plaintiff's officer and defendants [sic] loan history, that defendant [sic] has not made payments on the mortgage for any months after July 1, 2010 but offered proof refuting plaintiff's evidence.

9.    The Trial Court committed prejudicial error and/or abused its discretion when it failed to consider defendants [sic] six (6) counterclaims against the plaintiff under Pa.R.C.P. 1148.

Appellants' brief at 6-8.

Before addressing appellants' issues on appeal, we begin with our well-settled standard and scope of review for challenges to summary judgment:

> [This court's] scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

***CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 67 (Pa.Super. 2016) (citations omitted).  "Summary judgment in mortgage foreclosure actions is subject to the same rules as any other civil action."  ***Id.***; Pa.R.C.P. 1141(b).

For ease of discussion, we will address appellants' issues in the most logical order.

Appellants' Issues 1 and 2 challenge the trial court's entry of summary judgment based on their contention that they raised genuine issues of material fact which the trial court either ignored or applied an incorrect legal standard to when making its determination.

> . . . A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]"  Pa.R.C.P. No. 1035.2(1).  In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact.  Pa.R.C.P. No. 1035.3.
>
> The holder of a mortgage has the right, upon default, to bring a foreclosure action.  The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.
>
> . . . .
>
> . . . General denials [to averments in a complaint] constitute admissions where . . . specific denials are required.  **See** Pa.R.C.P. No. 1029(b). **Furthermore, "in mortgage foreclosure actions,**

> **general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts**." ***First Wis. Tr. Co. v. Strausser,*** 653 A.2d 688, 692 ([Pa.Super.] 1995); ***see*** Pa.R.C.P. No. 1029(c) Note. . . .

***Bank of America, N.A. v. Gibson***, 102 A.3d 462, 464-467 (Pa.Super. 2014), ***appeal denied***, 112 A.3d 648 (Pa. 2015) (citation omitted; emphasis added) (determining entry of summary judgment proper where mortgagor effectively admitted material allegations of complaint with ineffective denials and improper claims of lack of knowledge). In a mortgage foreclosure action, "[u]nquestionably, apart from appellee[/mortgagee], appellants[/mortgagors] are the only parties who would have sufficient knowledge on which to base a specific denial." ***Strausser***, 653 A.2d at 692.

Here, appellants responded to the averments of default and the amount of the mortgage in the foreclosure complaint with nothing more than general denials. In the complaint, U.S. Bank averred as follows:

> 5.  The mortgage is in default because the monthly payments of principal and interest are due and unpaid for August 01, 2010 and each month thereafter and by the terms of the Mortgage, upon default in such payments for a period of one month or more, the entire principal balance and all interest due and other charges are due and collectible.
>
> 6.  The following amounts are due to Plaintiff on the Mortgage:

| | |
|---|---|
| Principal Balance . . . . . . . | $722,424.89 |
| Variable Interest from | |
| 07/01/2010 through | |
| 01/02/2013 . . . . . . . . . | $52,206.95 |
| Late Charges . . . . . . . . . . | $345.77 |
| Escrow Advances . . . . . . . | $48,406.67 |
| Fee Due Advances . . . . . . | $140.00 |
| | **$823,524.28** |

Complaint, 5/24/13 at ¶¶ 5 & 6.

Appellants answered with the following general denials:

> 5.     Denied.  Strict Proof is demanded at Trial.

> 6.     Denied.  Strict Proof is demanded at Trial.

Answer, 6/21/13 at 1, at ¶¶ 5 & 6.

Due to their failure to include pleadings of specific facts in response to the foreclosure complaint, especially pertaining to their default and the amount due on the mortgage, appellants are deemed to have admitted the allegations pursuant to *Strausser*.  *See also New York Guardian Mortg. Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa.Super. 1987) (mortgagors' general denial of mortgagee's averment as to the principal and interest due is deemed an admission of those facts because the mortgagor and the mortgage holder are the only parties "who would have sufficient knowledge on which to base a specific denial"); *Cercone v. Cercone*, 386 A.2d 1, 3 (Pa.Super. 1978) (a demand for proof without a reasonable investigation by a nonmoving party is deemed to be an admission).

Therefore, we find that appellants' general denials concerning their default on the mortgage and the amount due on the mortgage constitute admissions to the facts averred in the foreclosure complaint. As a result, appellants failed to sustain their burden of presenting material facts in dispute, and the trial court properly granted summary judgment. **See Gibson**, 102 A.3d at 465 (Pa.Super. 2014) (holding that the mortgage holder is entitled to summary judgment when the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount). Accordingly, appellants' first two issues lack merit.

In their Issues 5 and 8, appellants contend that they specifically denied the allegations set forth in the foreclosure complaint with respect to their default and the amount owed and due. Their answer to the complaint, however, belies their contentions because their answer fails to plead specific facts in response to the foreclosure complaint. (Answer, 6/21/13 at 1.) As discussed above, a failure to do so constitutes an admission. **See Strausser**, 653 A.2d at 692; **Dietzel**, 524 A.2d at 952; **Cercone**, 386 A.2d at 3; **see also** Pa.R.C.P. 1029. Therefore, appellant's fifth and eighth issues lack merit.

In their Issues 4 and 6, appellants challenge the standing of U.S. Bank, which instituted the underlying foreclosure action and subsequently assigned the mortgage to Nationstar. Appellants contend that "U.S. Bank

cannot overcome its lack of standing by offering into evidence an unoriginal version of the note." (Appellants' brief at 15.) Appellants additionally claim that a 2011 assignment of the note was "robo-signed" and "fraudulent" and that appellants "[stand] to lose a home to a party who comes to court with unclean hands; a party who has not demonstrated its standing to sue and committed fraud upon the court." (Appellants' brief at 16-17.)

This court has held that under the Uniform Commercial Code, a debtor lacks standing to challenge defects in the chain of possession of a valid note. *See JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1266 (Pa.Super. 2013). This is due to the fact that the debtor's liability under the note is completely discharged by paying the holder, even if another party is ultimately determined to be the real party in interest. *See id.* at 1265.

Appellants further contend that the promissory note was defective because it "was missing the required signature of the defendant and note maker Michael McKeon." (Appellants' brief at 14.) Appellants also raise this claimed defect, which bears on the note's validity, in their Issue 3. We will, therefore, also dispose of Issue 3 here.

While appellant Michael McKeon may not have signed the promissory note, he co-signed the mortgage. (Nationstar's Motion for Summary Judgment, 3/9/15, at Exhibit B, Mortgage, 3/14/05 ("Mortgage").) The mortgage secures the repayment of the note. (*Id.* at 3, ¶ 2.) Specifically, under the terms of the mortgage, both appellants, as "Borrowers," incurred

the obligation to pay the debt evidenced by the note. (*Id.* at 1, ¶ (B) (defining appellants as "Borrowers").) Nationstar has not released the mortgage or the lien on the mortgaged property. Accordingly, when appellants defaulted on the mortgage, the mortgagee's remedy was to seek foreclosure and the sale of the property to satisfy the outstanding debt. (*Id.* at 9, ¶ 22.)

The Pennsylvania Rules of Civil Procedure govern actions in mortgage foreclosure, which are strictly *in rem* proceedings. *See Strausser*, 653 A.2d at 693 n.4 (stating that an action on a promissory note seeks an *in personam* judgment, whereas a mortgage foreclosure action is strictly *in rem*). Rule 1147 provides that the complaint must plead the following elements:

> (a) The plaintiff shall set forth in the complaint:
>
> (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2) a description of the land subject to the mortgage; the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
>
> (4) a specific averment of default;
>
> (5) an itemized statement of the amount due; and

> (6) a demand for judgment for the amount due.

Pa.R.C.P. 1147(a). As this action is *in rem* only, Nationstar is not seeking to hold appellants personally liable for the debt. Accordingly, because the mortgage is in default, Nationstar can proceed *in rem* to foreclose on the mortgage and force a sale of the property. The record reflects that Nationstar satisfied the requirements of Rule 1147. Therefore, appellants' Issues 3, 4, and 6 lack merit.

In their Issue 7, appellants complain that Pa.R.E. 803(6) (Exceptions to the Rule Against Hearsay, Records of Regularly Conducted Activity) precluded the trial court from admitting into evidence certain of Nationstar's evidence. A review of the record, however, reveals that appellants failed to raise this claim with the trial court. Therefore, appellants waive this issue on appeal. Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"); *see also Moranko v. Downs Racing LP*, 118 A.3d 1111, 1115-1116 (Pa.Super. 2015) (*en banc*) (stating that "[a]rguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal[]" (citations and internal quotation marks omitted)).

Finally, in their Issue 9, appellants complain that the trial court abused its discretion by failing to consider their counterclaims against Nationstar. In support, appellants set forth the following two-sentence argument: "A

defendant may state in his answer in a section titled 'Counterclaim', any claim he has against the plaintiff at the time the answer is filed. Pa.R.C.P. 1031(a). [Appellants] did in fact list the Counterclaim in its brief for the lower court to consider." (Appellants' brief at 19.)

Appellants waive this issue for lack of development in the argument section of their brief. Pa.R.A.P. 2119(a) (an appellate brief must contain "discussion and citation of authorities" to each issued raised); *see also* *Butler v. Illes*, 747 A.2d 943, 944 (Pa.Super. 2000) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, [this] court will not consider the merits thereof." (citations omitted)). We also note that the record reflects that appellants failed to set forth counterclaims against Nationstar in their answer to Nationstar's complaint. (*See* answer, 6/21/13.) *See* Pa.R.C.P. 1031(a) ("The defendant may set forth in the answer under the heading 'Counterclaim' any cause of action cognizable in a civil action which the defendant has against the plaintiff at the time of filing the answer."). As such, even if appellants had not waived this claim, their contention that they "list[ed] the Counterclaims in [their] brief" would lack merit because counterclaims must be raised in an answer.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2016