J-A13003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NS/CS HIGHLAND, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TAMIMENT 503, L.P. , TAMIMENT 902, L.P., TAMIMENT 18, L.P., TAMIMENT LAKEFRONT, L.P., TAMIMENT DEVELOPMENT GROUP, L.P., AND MOUNTAIN LAUREL DEVELOPMENT GROUP | : | No. 3147 EDA 2018 |
| Appellant | : | |

Appeal from the Order Entered September 25, 2018
In the Court of Common Pleas of Pike County Civil Division at No(s): No. 2016-1621

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 28, 2019**

Appellants, Tamiment 503, L.P, *et al.*, appeal from the order granting summary judgment in the amount of $156,736,437.10, plus interest accruing at $18,505.97 per day, in this mortgage foreclosure action initiated by Appellee, NS/CS Highland, LLC.  We affirm.

The trial court set forth the factual and procedural history of this case as follows:

> On December 20, 2016, [Appellee] initiated this action by filing a commercial mortgage foreclosure action to enforce a mortgage given to secure a construction loan from [Appellee's] assignor, CapitalSource Finance, LLC, to [Appellants].  The purpose of the construction loan was to allow [Appellants] to improve and expand the former Tamiment Resort and Unity House Resort, which comprises approximately 2,500 acres located at

_____
* Retired Senior Judge assigned to the Superior Court.

Bushkill Falls Road, Lehman Township, Pike County, Pennsylvania 18324 ("Mortgaged Property").

[Appellants] filed an Answer to Complaint and New Matter on February 8, 2017, and [Appellee] filed a Reply to [Appellants'] New Matter on February 27, 2017. [Appellee] attempted to engage in discovery but received either no response from [Appellants] or did not receive full and complete answers. Therefore, [Appellee] filed its Motion for Summary Judgment and accompanying brief on June 4, 2018. [Appellants] filed a Response and Memorandum on June 29, 2018.

Oral argument was held on August 27, 2018. On September 25, 2018, [the trial court] granted summary judgment in the amount of $156,736,437.10 as of June 1, 2018. Defendants/Appellants filed their Notice of Appeal on October 25, 2018.

Trial Court Opinion, 12/26/18, at 1-2. Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants present the following issues for our review:

1. Did the Trial Court enter summary judgment in error because discovery was incomplete, in derogation of Pennsylvania Rule of Civil Procedure 1035.2?

2. Did the Trial Court improperly enter judgment in rem in the amount of $156,736,437.10 as of June 1, 2018, with interest accruing at a per diem rate of $18,505.97, insofar as Appellants contested the amount due?

Appellants' Brief at 3.

Appellants first argue that the trial court improperly granted summary judgment because material discovery was not completed, as required by Pa.R.C.P. 1035.2(2). Appellants' Brief at 9-14. Appellants contend that discovery had been informally suspended by agreement of the parties while settlement negotiations were conducted. *Id*. at 12. Appellants assert that

- 2 -

"[t]he pending discovery may well have aided in the development of facts material to the amount due to Appellee, which was contested before the [t]rial [c]ourt." *Id*. at 14.

We observe that, in reviewing matters of summary judgment, we are governed by the following well-established principles:

> Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 60-61 (Pa. Super. 2006) (citation omitted).
>
> Motions for summary judgment implicate the plaintiff's proof of the elements of his cause of action. *Chenot*, 895 A.2d at 61 (citation omitted). Summary judgment is proper "if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(2). In other words, "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report," Pa.R.C.P. 1035.2(1), and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense. *Chenot*, 895 A.2d at 61.
>
> When reviewing a grant of summary judgment, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. *Id*. We will disturb the trial court's order only upon an error of law or an abuse of discretion. "Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration." *Chenot*, 895 A.2d at 61 (citation omitted). Consequently, the court abuses

its discretion if, in resolving the issue for decision, it misapplies the law, exercises its discretion in a manner lacking reason, or does not follow legal procedure. *Id*. (citation omitted).

Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden. It is not sufficient to persuade the appellate court that it might have reached a different conclusion if charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. *Chenot*, 895 A.2d at 61 (citation omitted). An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused. *Id*. at 61-62 (citation omitted).

*Continental Casualty Company v. Pro Machine*, 916 A.2d 1111, 1115-1116 (Pa. Super. 2007).

As previously indicated, Pa.R.C.P. 1035.2 governs motions for summary judgment and provides the following, in relevant part:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. The official note to Rule 1035.2 states, in pertinent part:

> *Note*: Rule 1035.2 sets forth the general principle that a motion for summary judgment is based on an evidentiary record which entitles the moving party to judgment as a matter of law.
>
> The evidentiary record may be one of two types. Under subdivision (1), the record shows that the material facts are undisputed and, therefore, there is no issue to be submitted to a jury.
>
> * * *
>
> Under subdivision (2), the record contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to a jury. The motion in this instance is made by a party who does not have the burden of proof at trial and who does not have access to the evidence to make a record which affirmatively supports the motion. To defeat this motion, the adverse party must come forth with evidence showing the existence of the facts essential to the cause of action or defense.
>
> * * *
>
> Only the pleadings between the parties to the motion for summary judgment must be closed prior to filing the motion.

Pa.R.C.P. 1035.2, Note.

As our Supreme Court has explained, "[s]ummary judgment may be entered prior to the completion of discovery in matters where additional discovery would not aid in the establishment of any material fact. Thus, the question is whether additional discovery would have aided in the establishment of any material fact." *Manzetti v. Mercy Hosp. of Pittsburgh*, 776 A.2d 938, 950-951 (Pa. 2001) (citation omitted). Further, we have recognized that "the party seeking discovery is under an obligation to seek discovery in a timely fashion." *Anthony Biddle Contrs., Inc. v.*

*Preet Allied Am. St., LP*, 28 A.3d 916, 928 (Pa. Super. 2011) (quoting *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1124 (Pa. Super. 2004)).

In addition, we have long stated that the court's function in summary judgment proceedings is not to determine the facts, but only to determine if a genuine issue of fact exists. *Johnson v. Harris*, 615 A.2d 771, 775 (Pa. Super. 1992). "When a motion for summary judgment is made and supported . . . the non-moving party may not rest on the averments made in his pleading. Rather, it is [the non-moving party's] responsibility to show that a genuine issue of fact exists by affidavit or otherwise." *Id*. (citations omitted).

Regarding mortgage foreclosure proceedings, we have stated that "[i]n actions for *in rem* foreclosure due to the defendant's failure to pay a debt, summary judgment is proper where the defendant admits that he had failed to make the payments due and fails to sustain a cognizable defense to the plaintiff's claim." *Gateway Towers Condo. Ass'n v. Krohn*, 845 A.2d 855, 858 (Pa. Super. 2004). In addition, our Supreme Court has expressed that in mortgage foreclosure cases, the entry of summary judgment is proper where it is admitted that the mortgage is in default, the mortgagors have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount, even though the defendant never admits the amount of the indebtedness in their pleadings. *Landau v. Western Pennsylvania National Bank*, 282 A.2d 335, 340 (Pa. 1971).

The trial court addressed this issue with the following discussion:

> [Appellee] filed its Motion for Summary Judgment pursuant to Pa.R.C.P. 1035.2(1)[.]
>
> * * *
>
> [Appellants] executed a Mortgage in favor of CapitalSource, which was then partially assigned to CSE Highland on December 31, 2008. *Exhibit 1, Exhibit F.* The assignment was recorded on August 4, 2009. *Exhibit 1, Exhibit E.* CSE Highland reassigned the Mortgage to CapitalSource on June 9, 2011. *Exhibit 1, Exhibit G.* On June 9, 2011, CapitalSource and Plaintiff executed an Assignment of Open-End Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filings. In this document, CapitalSource "assign[ed], transfer[red] and set over unto [Appellee] all of its rights, title and interest in and to the Mortgage and the other Loan Documents [] together with all rights, remedies, and incidents thereunto and [Appellee] agreed to accept such assignment." *Exhibit 1, Exhibit J*.
>
> [Appellee] established its prima facie case for mortgage foreclosure. The holder of a mortgage is entitled to summary judgment if the mortgag[or] admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount. *Cunningham v. McWilliams*, 714 A.2d 1054, 1056-1057 (Pa. Super. 1998).
>
> In this case, [Appellee] established that [Appellants] were in default for failing to make the required installment payments. [Appellants] admitted that they were in default and that they failed to pay on the obligation in that they did not repay the entire principal balance of the loan on or before the scheduled maturity date of July 15, 2016. Furthermore, [Appellants] admitted that the recorded mortgage was in the specified amount.
>
> Furthermore, we note that [Appellee] moved for summary judgment pursuant to Pa.R.C.P. 1035.2[(1)], which does not require discovery to be closed. [Appellee] submitted, through its Motion for Summary Judgment, that there was no genuine issue of material fact as to a necessary element of its cause of action which could be established by **additional** discovery or expert report. [Appellee] established that it is entitled to summary judgment on the mortgage foreclosure claim and [Appellants] did

- 7 -

not submit any evidence to the contrary which could be established by additional discovery or expert.

Trial Court Opinion, 12/26/18, at 3-4 (emphasis in original).

We disagree with Appellants' overarching claim that discovery must be completed prior to the entry of summary judgment. Indeed, Appellants incorrectly allege that the motion for summary judgment was brought under Pa.R.C.P. 1035.2(2), which presupposes that discovery has been completed. However, our review of the record reflects that Appellee filed its motion for summary judgment pursuant to Pa.R.C.P. 1035.2(1), which deems summary judgment appropriate when there are no genuine issues of any material fact which could be established by additional discovery. As we noted, "[s]ummary judgment may be entered prior to the completion of discovery in matters where additional discovery would not aid in the establishment of any material fact." **Manzetti**, 776 A.2d at 950-951. Thus, there is no merit to Appellants' sweeping allegation that summary judgment may be rendered only upon the completion of discovery.[1]

We next focus on the question of whether there were any genuine issues of material fact that could be established by additional discovery. Specifically, we address Appellants' claim that "the discovery at issue directly pertains to

_____

[1] With regard to Appellants' allegation that discovery was stayed in this matter, we note that Appellants have failed to set forth any citation or reference to the record that would support the claim. Hence, we decline to conclude that the trial court erred in granting summary judgment, if, in fact, discovery had been stayed.

the amount due to Appellee under the Loan, which was in dispute before the [t]rial [c]ourt." Appellants' Brief at 12. As stated above, summary judgment is proper where the mortgagor admits that the failure to make payments due and fails to sustain a cognizable defense to the mortgagee's claim. **Gateway Towers**, 845 A.2d at 858. "This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." **Cunningham v. McWilliams**, 714 A.2d 1054, 1057 (Pa. Super. 1998). **See** Pa.R.C.P. 1029(b), (c), Note (providing that a party is not excused from "a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false."); **see also U.S. Bank, N.A. v. Pautenis**, 118 A.3d 386, 396 (Pa. Super. 2015) (stating that "[u]nquestionably, apart from the mortgagee, the mortgagors are the only parties who would have sufficient knowledge on which to base a specific denial[.]" (citing **New York Guardian Mort. Corp. v. Dietzel**, 524 A.2d 951, 952 (Pa. Super. 1987)); **Bank of America, N.A. v. Gibson**, 102 A.3d 462, 467 (Pa. Super. 2014) (stating that "general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing on the mortgage must be considered an admission of those facts." (citation, quotation marks, and brackets omitted)).

Our review of the record reflects that on June 23, 2017, Appellants filed their "Responses and Objections to [Appellee's] first Request for Admissions." In the response, Appellants offered boilerplate denials of requests for

admissions. Responses and Objections, 6/23/17, at 2-5. Appellants' general denials regarding the default under the mortgage and the specific amount of the default are deemed to be admissions. Appellants offered nothing to contradict Appellee's claim except the general denials. Therefore, we conclude that there were no genuine issues of fact regarding Appellants' default or the amount owed under the mortgage. Therefore, Appellants' issue lacks merit.

In their second issue, Appellants again argue that summary judgment was not appropriate because there existed a dispute of fact regarding the amount due under the loan. Appellants' Brief at 15-17. Appellants assert the amount due under the loan was "hotly disputed." *Id*. at 16. Appellants claim that there was not a sufficient basis for the trial court to conclude that *in rem* judgment in excess of $156,000,000.00 was due or proper. *Id*. at 17. We disagree.

As presented in the legal authority cited above, Pennsylvania courts have consistently found, in foreclosure actions, that a payment default warrants summary judgment if the recorded mortgage is in a specified amount. *Landau*, 282 A.2d at 340. Further, when confronted with a motion for summary judgment setting forth evidence establishing the moving party's right to relief, "the adverse party may not rest upon the mere allegations or denials of the pleadings," Pa.R.C.P. 1035.3(a), but must identify evidence controverting the evidence cited in support of the motion or establishing the facts essential to the defense that the motion cites as not having been

produced, Pa.R.C.P. 1035.3(a)(1)-(2). "[P]arties seeking to avoid the entry of summary judgment against them . . . are required to show, by depositions, answers to interrogatories, admissions[,] or affidavits, that there is a genuine issue for trial." *Wash. Fed. Sav. & Loan Assn. v. Stein*, 515 A.2d 980, 981 (Pa. Super. 1986).

Additionally, in a mortgage foreclosure action, the mortgagors and mortgagee are the only parties with sufficient knowledge upon which to base a specific denial. *Dietzel*, 524 A.2d 951, 952 (Pa. Super. 1987). Thus, responsive pleadings in a mortgage foreclosure action must contain specific denials. *Gibson*, 102 A.3d at 466-467. General denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts. *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super. 1995).

Our review of the certified record reflects that Appellee supported its motion for summary judgment with a copy of the verified complaint and its attending exhibits, *i.e.*, the legal description of the mortgage property, the construction loan agreement, the open-end mortgage, and various amendments and assignment documents. Appellee's Motion for Summary Judgment, 6/4/18, at Exhibit 1; Complaint, 12/21/16, at Exhibits A-M. Appellee also supported its motion with the affidavit of Michael Branigan, the Vice President of Colony NorthStar Inc., an affiliate of Appellee and the

servicer of the mortgage loan at issue. Appellee's Motion for Summary Judgment, 6/4/18, at Exhibit 9. In his affidavit, Mr. Branigan attested that he was an employee of Appellee, and that based on his personal knowledge and review of Appellee's business records, Appellants failed to make monthly payments before the maturity date and failed to pay in full on the maturity date. *Id*. at ¶¶ 1, 7. In addition, he averred that the total due, including unpaid principal, interest, and fees is $156,736,437.10. *Id*. at ¶ 11.

In response to Appellee's motion for summary judgment setting forth evidence establishing its right to relief, it was incumbent upon Appellants to establish one or more issues of fact arising from the evidence cited in support of the motion. *Stein*, 515 A.2d at 981. However, Appellants offered no evidence in opposition to the motion for summary judgment on the question of default. Rather, Appellants asserted that (1) summary judgment should not be entered because discovery is incomplete; (2) there is a genuine issue of material fact in dispute because they challenge the nature of the default and the amount due; and (3) they have a cognizable affirmative defense. Response to Motion for Summary Judgment, 6/29/18. Hence, the trial court did not err in determining that the evidence of record warranted the entry of an *in rem* judgment in Appellee's favor.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/28/19</u>